OATES v. UNITED STATES.

(Circuit Court of Appeals, Fourth Circuit.　May 4, 1915.)

Nos. 1326, 1329, 1330, 1331.

1. CONTEMPT ☞63—PROCEEDINGS—EVIDENCE—DECREE.

　　Where hearsay evidence was received at a hearing on a charge of contempt in violating an injunction, it is not sufficient that the decree recite that the findings are based only on legal evidence, rejecting the irrelevant and improper parts thereof, but it should indicate what evidence was rejected.

　　[Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 195, 197–201; Dec. Dig. ☞63.]

2. CONTEMPT ☞66—PROCEEDINGS—EVIDENCE—DECREE.

　　A decree sentencing for contempt of court in violating an injunction, which recites that the court took judicial notice of the facts found in a similar case, some of which findings were not reversed on appeal, will be reversed for new conclusions of fact, in view of the opinion in the other case.

　　[Ed. Note.—For other cases, see Contempt, Cent. Dig. §§ 213–215, 223–237; Dec. Dig. ☞66.]

3. INJUNCTION ☞230—CONTEMPT—SENTENCE—SEPARATE ACTS.

　　Where defendants were found guilty of separate acts of disobedience to an injunction, the sentence should not be imposed generally for all offenses; but the punishment for each offense should be specified, so that it could be reviewed on appeal.

　　[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 502–516; Dec. Dig. ☞230.]

In Error to the District Court of the United States for the Northern District of West Virginia, at Philippi; Alston G. Dayton, Judge.

James Oates, Frank Ledvinski, Hiram Stephens, and Fanny Sullens were each found guilty of contempt of court in separate proceedings, and they bring error. Reversed and remanded.

Joseph R. Curl and John C. Palmer, Jr., both of Wheeling, W. Va. (Erskine, Palmer & Curl, of Wheeling, W. Va., on the brief), for plaintiffs in error.

Stuart W. Walker, U. S. Atty., of Martinsburg, W. Va., and J. F. Cree, of Wellsburg, W. Va. (John A. Howard, of Wheeling, W. Va., on the brief), for the United States.

Before KNAPP and WOODS, Circuit Judges, and CONNOR, District Judge.

WOODS, Circuit Judge. In these contempt proceedings the plaintiffs in error were found guilty of violation of a temporary restraining order of September 29, 1913, made in the case of West Virginia-Pittsburgh Coal Company v. John P. White et al. The tenor of the order was to enjoin interference with plaintiff's business by using threats, force, intimidation, or persuasion to induce its employés to break their contracts or leave their work, or by using like means to induce any person to refuse to accept employment with plaintiff, and to enjoin trespassing on plaintiff's premises for the purposes above indicated. The District Judge made specific findings of a number of acts of disobedience of the order by each of the parties charged, and the sentence imposed on each defendant was the payment of the costs and imprisonment for six months. The questions here made, recently considered and decided in Schwartz v. U. S., 217 Fed. 866, 133 C. C. A. 576, and Scoric v. U. S., 217 Fed. 871, 133 C. C. A. 581, will not be reconsidered.

[1] There was before the District Judge competent evidence sufficient to warrant a finding of contempt in disregarding the orders of the court against all of the plaintiffs in error. As to some of these findings there was, indeed, no conflict of evidence. As to others, however, there was conflicting evidence, and hence it was important that irrelevant and incompetent evidence should be excluded from consideration. Numerous objections were made to testimony as hearsay which were either overruled or left for future consideration. It is true the court in its decree recites that it bases its finding upon "the legal evidence produced upon the trial rejecting all improper and irrelevant parts thereof," but hearsay evidence was admitted, and it is impossible for this court to say from the record what the District Judge ultimately rejected and whether any of the incompetent testimony influenced his findings or the extent of the punishment inflicted.

[2, 3] The decree further recites:

"This court takes judicial notice of the fact that in the chancery cause of Hitchman Coal & Coke Co. v. John Mitchell et al., on January 18, 1913, it filed an opinion found in 202 Fed. 512, wherein, based upon record and oral evidence of some 8,000 pages, it determined that the United Mine Workers of America as an organization was an unlawful one, for that by its obligation, constitution, by-laws, rules, and regulations it undertakes (a) to require its members to surrender their individual freedom of action; (b) to coerce non-union miners to join the union, whether wishing to do so or not, for they must be members 'who work in and around the mines'; (c) to control or rather abrogate and destroy the right of the employer to contract with the men independent

of the organization; (d) to exclude his right to employ nonunion labor if he desires; (e) to limit his right, in the absence of contract, to discharge whom he pleases, when he pleases, and for what reason he sees fit; and (f) to assume the right on the part of the organization, through its officers, to control the employer's business, to shut down his mine by calling out the men in obedience to their obligation, whenever it is deemed to the interests of the union, regardless of the employer's interests or the effect that such action may have upon him, as regards loss, damage, and necessary violations, on account thereof, of his existing contracts with others. To such extent in this direction does such assumption of power and control go, that it is directly provided by the laws of the organization that such suspension of operations may be ordered, even though there be no dispute between the employer and the union, but solely because such dispute exists between the union and some one or more of his rival operators in business in the same district. It was therein further judicially ascertained and determined that this organization was an unlawful and criminal conspiracy both under common law and the federal Sherman Anti-Trust Act, in that, by express contract with coal operators and employers of mine laborers in Ohio, Indiana, Illinois, and Western Pennsylvania, it had agreed and undertaken by means of its organization to suppress, if not destroy, the coal trade of West Virginia, whereby the competition of such coal trade of this state with that of these other states would be removed, and that by the voluntary admission of its officers hundreds of thousands of dollars had been expended and human lives sacrificed by it to fulfill this its contract and purpose. Further this court will take judicial notice that on said January 18, 1913, a final decree based upon this opinion was entered in said cause enjoining it perpetually from any effort to 'organize the mines or miners of the plaintiffs in said suit, which decree, although appealed from, to this date stands unreversed.' "

Some of these conclusions were held to be erroneous in the case of John Mitchell et al. v. Hitchman Coal Company, 214 Fed. 685, 131 C. C. A. 425, and it is impossible to determine from the record to what extent the erroneous views of the District Judge as to the legality of the labor union influenced his findings of fact or his infliction of punishment. Following the rule laid down in Gompers v. Buck's Stove & Range Company, 221 U. S. 418, 31 Sup. Ct. 492, 55 L. Ed. 797, 34 L. R. A. (N. S.) 874, we are obliged to hold, further, that it was not in accordance with law to impose a general sentence for the separate acts of contempt alleged and found against the defendants. The punishment for distinctly different offenses should have been so separated that this court on review could analyze the evidence and determine which, if any, of the charges were sustained.

The judgment of the District Court must be reversed, and the causes remanded, so that the District Judge may reconsider them, indicating in his finding the evidence rejected as hearsay, announcing his conclusions of fact in view of the judgment of this court in Mitchell v. Hitchman Coal Co., and imposing sentence in accordance with the view of the Supreme Court of the United States in Gompers v. Buck's Stove & Range Company.

Reversed.