## FOX v. UNITED STATES.
### No. 3808.

Circuit Court of Appeals, Fourth Circuit.
April 24, 1935.

James Damron, of Huntington, W. Va. (Jess Hammock, of Huntington, W. Va., on the brief), for appellant.

George I. Neal, U. S. Atty., of Huntington, W. Va. (Charles M. Love, Jr., Asst. U. S. Atty., of Charleston, W. Va., and L. R. Via, Asst. U. S. Atty., of Huntington, W. Va., on the brief), for the United States.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

NORTHCOTT, Circuit Judge.

W. B. Fox, the appellant, was found guilty of contempt of court, and sentenced to six months in prison by the judge of the District Court of the United States for the Southern District of West Virginia, at Huntington, on the 2d day of November, 1934. From that judgment, Fox prosecutes this appeal.

The proceeding for contempt against Fox was by information filed by the United States Attorney, charging that Fox, who was not an attorney at law, received money from the mother of one Belford Smith, said Belford Smith having been charged with the violation of section 3296, Revised Statutes of the United States (26 USCA § 404); that the said Fox represented to the said Smith and members of his family that he, Fox, had certain connections with the District Court of the United States for the Southern District of West Virginia, where the said Belford Smith would be tried, and that by means of said connections he, Fox, had influence with the officers, agents, and employees of said court, by means of which he, Fox, could secure a continuance of the case against Belford Smith and otherwise use his influence for an improper aiding of the said Belford Smith in the course of the prosecution against him; that by means of the representations made by Fox said Belford Smith and his mother were led to believe that the said court and its officers

were subject to Fox's improper influence; and that Fox secured from the mother of said Smith the sum of $60.

The receipt given by Fox on the payment of the money read as follows:

"8/25/34

"Received of W. E. Smith Sixty & 00/100 dollars in full, for work & if work is not completed the full amount will be refunded.

"[Signed]   W. B. Fox."

A motion to quash the information and the rule awarded thereon was made on behalf of the defendant, which motion the court overruled, and, after hearing evidence, the judge below found Fox guilty.

A number of questions are raised on behalf of the defendant, it being assigned as error that the court did not have sufficient evidence upon which to find the defendant guilty; that the court erred in refusing to quash the information; that certain evidence was admitted that was improper; that the action of the court, during the hearing, in certain respects was unfair to the defendant; and that there was a variance between the allegations in the information and the proof offered upon the trial.

We are of the opinion that the action of the court overruling the motion to quash was proper.

This court had occasion to discuss this and similar questions here involved in the case of Fanning v. United States, 72 F.(2d) 929, and in that case we held that the particularity required of an indictment is not necessary in an information charging contempt of court, and that if the defendant considered the charges too indefinite his remedy was to move the court for a bill of particulars. Fanning v. United States, supra, and authorities there cited. Here there was no motion for a bill of particulars and an examination of the information, and a study of the evidence offered, leads us to the conclusion that the defendant was properly put upon notice as to the charge against him.

Objection is made on behalf of the defendant Fox to the admission of certain testimony tending to show the payment of money to Fox by a Mrs. Carpenter, whose son was likewise being prosecuted in said court at the same time. This money was also alleged to have been received by Fox for the use of influence which he falsely pretended to have with officers of the court. It is contended, on behalf of the government, that the introduction of this evidence was proper on the question of intent. Breedin v. United States (C. C. A.) 73 F.(2d) 778, and authorities there cited. It is not necessary to pass on this contention here, for the Carpenter transaction was first brought into the case by the defendant's attorney when he was cross-examining Mrs. Smith in regard to a message concerning her son's case sent to her by the defendant through Mrs. Carpenter. Moreover, the testimony was received without objection, and it was not until the close of the case of the prosecution that the question of the admissibility of the evidence was raised by motion to strike it out.

In Field v. United States, 9 Pet. 182, 202, 9 L. Ed. 94, Chief Justice Marshall, in discussing the admissibility of evidence, said: "* * * As the cause was * * * not tried by a jury, the exception to the admission of evidence was not properly the subject of a bill of exceptions. But if the district court improperly admitted the evidence, the only effect would be, that this court would reject that evidence, and proceed to decide the cause, as if it were not in the record. It would not, however, of itself, constitute any ground for a reversal of the judgment."

Even if the presumption that evidence improperly admitted did not influence the finding of the trial judge may not be indulged in every case in which the issue must be established beyond a reasonable doubt (see Schwartz v. U. S. [C. C. A.] 217 F. 866, 870; Oates v. U. S. [C. C. A.] 223 F. 1013; Id. [C. C. A.] 233 F. 201, 206; Streeter v. Sanitary District of Chicago [C. C. A.] 133 F. 124), it is obvious that in the pending case it was proper to take the evidence into consideration.

There were some incidents that happened in the course of the trial of which we cannot approve and which might constitute reversible error had the case been tried before a jury, but in view of the fact that the trial was before the court there was no reversible error.

There was no variance between the allegations of the information and the proof offered to sustain them, and there was ample evidence, that was unquestionably proper, to support the finding of the court.

The case, on the record, presents a deplorable situation. The defendant was evidently a man of some influence, especially with those of his race; he was the head

of one of West Virginia's humane institutions; he undoubtedly endeavored to sell for corrupt purposes influence which he falsely claimed to have with certain officers of the court; he gave the receipt for the money he received, showing that it was in payment for work, and on the trial testified that it was received for giving bond, an improbable story in view of the fact that Smith's mother was already on his bond and there could therefore be no need for bond—a defense that was clearly an afterthought; he approached the United States Attorney, according to testimony of that officer, with a request for a continuance in the case, saying nothing about bond; he endeavored to aid one whom he knew to be a habitual violator of the law; he returned the money to the person from whom he had received it, after the incident was being investigated, for the evident purpose of trying to escape the consequences of his act; and by his story on the stand clearly endeavored to mislead the court as to the true facts. All these circumstances, taken together with the direct evidence offered on behalf of the prosecution, clearly show appellant's guilt beyond a reasonable doubt, and the finding of the court was proper.

The judgment of the court below is, accordingly, affirmed.