**Ex parte Walter C. WERNER, Relator.**

**No. 15210.**

Court of Civil Appeals of Texas, San Antonio.

May 23, 1973.

Abraham D. Ribak, San Antonio, for relator.

Hope, Henderson, Hohman & Georges, San Antonio, for respondent.

KLINGEMAN, Justice.

This is an original habeas corpus proceeding brought pursuant to Article 1824a, Vernon's Tex.Rev.Civ.Stat.Ann. (1972–73 Supp.), in which relator, Walter C. Werner, seeks release from custody of the Sheriff of Bexar County, Texas. He has been released on bond pending determination of this proceeding.

Relator urges that he is being illegally confined and restrained, and that the order holding him in contempt and confining him is illegal and void for a number of reasons: (1)(a) that he was held in contempt for failure to pay certain debts and such imprisonment for debt is in violation of the Texas Constitution; (b) that he was found in contempt and ordered jailed for failure to make installment payments that were not due at the time of the hearing; (c) that he was held in contempt and ordered jailed for failure to pay attorney's fees in the amount of $350; (2) that although he was charged with several acts of contempt, the court did not make separate findings as to each charge, or fix separate punishment for each act; (3) that where one penalty is fixed for more than one act of contempt, and relator cannot be held in contempt for one act charged, the entire

order is void; and (4) that the relator is not able to pay the amount ordered to be paid and is unable to perform the order of the court.

On December 22, 1972, Lola G. Werner and Walter C. Werner were divorced in the District Court of Bexar County, Texas; and in such decree of divorce, each party was awarded certain property as their separate property; and relator was also ordered to pay attorney's fees of $350, incurred by Mrs. Werner. There were no children of said marriage.

On February 22, 1973, Mrs. Werner filed a motion for contempt in which she states that in such divorce decree she was awarded the following described property as her separate property: (1) a 1967 Plymouth convertible; (2) all money in the Randolph Credit Union as of December 21, 1972, the same being $508; (3) the value as of December 21, 1972, of sixty shares of Hamilton Fund, the same being $289.20; (4) $70 each month for twelve months, the first payment commencing January 21, 1973, and a like payment thereafter each and every month until fully paid, such award being made in lieu of other community property; (5) all of her personal belongings and effects; and (6) attorney's fees in the sum of $350. Such motion, immediately after such description of property, states that respondent, Walter C. Werner, has willfully failed and refused to comply with such judgment of the court in each and every particular aforementioned.

After a hearing on such motion for contempt, the court adjudged relator guilty of contempt for violation of the court's order requiring him to pay: all money in the Randolph Credit Union as of December 21, 1972, the same being $508; the value as of December 21, 1972, of sixty shares of Hamilton Fund, the same being $289.20; $70 each month for twelve months, the first payment commencing January 21, 1973, and a like payment thereafter each and every month until fully paid, such award being made in lieu of other community property; $350 attorney's fees; and ordered that relator be committed to the Bexar County Jail for a period of sixty days, and for such time thereafter until he shall comply with the orders of the court rendered on December 22, 1972.

Respondent, Lola G. Werner, concedes in her brief that the court did not have the authority to incorporate the attorney's fees awarded in the divorce action into the order of contempt.[1] She further concedes that at the time of the hearing of the motion for contempt, relator was in arrears in regard to only two $70 monthly payments, January and February of 1973.

We have concluded that the order of contempt cannot stand, and that relator must be discharged. The court's judgment finds relator guilty of several acts of contempt, and in such judgment fixed only one penalty for all of such acts. This Court is unable to determine what portion of the penalty is attributable to each act of contempt.

In a case where more than one act of contempt is charged, the proper procedure is for the affidavit to charge the separate acts, each of which is alleged to be contemptuous, and the court should make its findings as to each charge, and fix separately the punishment assessed for each act. Ex parte Genecov, 143 Tex. 476, 186 S.W.2d 225 (1945). Where one penalty is affixed for more than one act of contempt, and it is found that the relator could not be held in contempt for one of the acts, the whole judgment is tainted and is void, and a person held under it is illegally restrained of his liberty. Ex parte Turner, 478 S.W.2d 256 (Tex.Civ.App.— Houston [1st Dist.] 1972, no writ); Gom-

1. In Ex parte Myrick, 474 S.W.2d 767, 772 (Tex.Civ.App.—Houston [1st Dist.] 1972, no writ); the Court said: "Since relator would be deprived of his liberty without due process of law if he is held in custody by reason of his refusal to pay the attorney's fee, that portion of the order must be held unenforceable."

pers v. Buck's Stove & Range Co., 221 U.
S. 418, 440, 31 S.Ct. 492, 55 L.Ed. 797
(1911); Carter v. United States, 135 F.2d
858, 864 (U.S.Ct. of App., 5th Cir. 1943);
Oates v. United States, 223 F. 1013 (U.S.
Ct. of App., 4th Cir. 1915).

The relator is ordered discharged.