### Ex Parte Emile PREVOST.

### No. 8416.

Court of Civil Appeals of Texas, Beaumont.

Nov. 8, 1979.

Robert P. Walker, Port Arthur, for appellant.

KEITH, Justice.

This is an original habeas corpus proceeding wherein our jurisdiction has been invoked under Tex.Rev.Civ.Stat.Ann. art. 1824a (Supp.1979). A decree of divorce dated May 24, 1976, awarded custody of two minor children to the mother and required Relator to "pay child support in the amount of $150 every two weeks, for the maintenance of the children with the first payment being due on the 28th day of March 1976", such payments to continue until the youngest child reaches the age of 18 years.

On May 31, 1979, the mother signed an affidavit of contempt against Relator swearing that he "has failed and refused to obey said order of this Court and is now in arrears in his child support payments in the amount of $10,939.25 . . .."

A notice to show cause was served on Relator and, after several continuances, was

heard on July 19, 1979. At the conclusion of such hearing, the Court entered an order finding Relator in contempt because of his failure to pay the sum of $10,939.25, and assessed his punishment therefor at confinement for twenty days in jail.

The next paragraph of the order is quoted:

"IT IS *FURTHER* ORDERED THAT THE SAID Emile Prevost shall remain committed to the Jefferson County Jail until he purges himself of contempt by paying $10,939.25 back child support and also paying $14.25 costs and $50.00 attorney fees incurred herein, through the Jefferson County Child Support Office and upon payment of $10,939.25 child support and also upon payment of $14.25 costs and $50.00 attorney fees, the said Emile Prevost shall be released from custody."

Relator was confined in jail from July 19 until September 21, 1979, when we admitted him to bail upon our granting of the writ of habeas corpus.*

An examination of the order reveals that it is both criminal and civil in nature. See *Ex parte Werblud*, 536 S.W.2d 542, 545 (Tex.1976); *Ex parte Hosken*, 480 S.W.2d 18, 23 (Tex.Civ.App.—Beaumont 1972, original proceedings). Relator has served more than the twenty days affixed as his punishment for the violation of the order to pay the child support.

■ His confinement at the time of the filing of the writ was solely by virtue of the one-sentence adjudication heretofore quoted, requiring him to make three separate payments. We find no merit to Relator's complaint as to the validity of the finding on the back child support payment. This was not imprisonment for debt; it was to require the payment of support for children. Child support orders made under the provisions of *Tex. Family Code Ann. § 14.-05, subdiv. (a) (1975)*, may be enforced by contempt proceedings. *Tex. Family Code Ann. § 14.09, subdiv. (a) (1975)*.

■ But, this is only one part of the single-sentence order and the remainder of the order is in direct violation of *Tex.Const. art. I, § 18*, reading: "No person shall ever be imprisoned for debt." The award of attorney's fees and the assessment of costs may have been proper. However, the trial court had no authority to enforce payment by contempt proceedings. *Ex parte Werner*, 496 S.W.2d 121, 122 (Tex.Civ.App.—San Antonio 1973, original proceedings); *Ex parte Myrick*, 474 S.W.2d 767, 772 (Tex.Civ.App.—Houston [1st Dist.] 1971, original proceedings). Consequently, as to two of the items in the one-sentence adjudication, the order is void.

Relator may pay the entire amount of the back support in cash and in one lump sum (a very unlikely event considering that he served more than two months before seeking relief in this court), yet he may not obtain his release under the order until he pays the lawyers and the court costs—a simple debt.

■ We find the whole judgment to be tainted and that Relator is entitled to his release from confinement. See *Ex parte Stanford*, 557 S.W.2d 346, 349–350 (Tex.Civ.App.—Houston [1st Dist.] 1977, original proceedings); *Ex parte Werner*, supra (496 S.W.2d at 122); *Ex parte Turner*, 478 S.W.2d 256, 258 (Tex.Civ.App.—Houston [1st Dist.] 1972, original proceedings). See also, *Ex parte Harwell*, 538 S.W.2d 667, 671 (Tex.Civ.App.—Waco 1976, original proceedings).

The writ is granted and Relator is discharged from confinement by virtue of the order of July 19, 1979, and the sureties upon his appearance bond in this court are discharged from all liability thereon. It is so ordered.

---

* We conditioned the granting of the order on Relator's paying $150 to the Child Support Office and continuing such bi-weekly payments thereafter during the pendency of the proceedings in this court. This facet of our order has been obeyed. Upon the filing of this opinion said order is vacated.