**Ex parte Roy A. LEE.**

**No. C–4726.**

Supreme Court of Texas.

Feb. 12, 1986.

Royal H. Brin, Jr., Thomas E. Bishop, P. Michael Jung, Dallas, for petitioner.

John B. Wilson, Wilson, Williams & Molberg, Dallas, for respondent.

R. Mayo Davidson, Austin, for relator.

Bush & Jones, Gene Bush and Bill R. Jones, Livingston, for respondent.

## ORIGINAL HABEAS CORPUS PROCEEDING

CAMPBELL, Justice.

In this original habeas corpus proceeding, relator, Roy A. Lee, was jailed under a Writ of Attachment and Commitment in Contempt dated July 25, 1985. The commitment order is based on a non-existent contempt order, and is invalid. Relator Lee is ordered discharged.

Peoples State Bank recovered a default judgment against Lee and served Lee a Request for Production of Documents in Aid of Judgment. When Lee did not respond, the Bank moved for an order to compel. The San Jacinto County District Court ordered Lee to produce the documents. On January 30, 1985, the Bank served Lee another Request for Documents in Aid of Judgment, and also served interrogatories on Lee. On March 7, the Bank moved for an order to compel the production of these documents and answers to the interrogatories. There was no hearing on this motion.

On April 9, the Bank moved to have Lee found in contempt of court. Lee was ordered to appear on May 23, but the hearing was changed to May 30. On May 30, Lee did not appear, and the trial court rendered a Judgment of Contempt and Order of Commitment. The judgment and order re-

cited that Lee had been ordered to answer interrogatories and produce the documents. Lee was ordered to pay a $500 fine, and ordered confined in the San Jacinto County jail for 120 days and until he purged himself by answering the interrogatories, producing the documents, and paying court costs. Although a writ of attachment issued, Lee was never jailed.

On July 25, the trial court issued an Order Directing Writ of Attachment. The order stated that on July 25, a hearing was held on the April 9th Motion for Contempt, and the motion was "well taken." The trial court ordered the clerk to issue a Writ of Attachment and Commitment in Contempt. The order, issued by the clerk, stated that Lee was "adjudged to be in contempt of court on the 25th day of July, 1985, by the District Court of San Jacinto County." There is no July 25th contempt order, and no contempt hearing was held on July 25.

■ This writ of habeas corpus is granted and Lee is discharged because the commitment order refers to a non-existent judgment of contempt. The commitment order is not based on the May 30th contempt order. A written judgment of contempt and a written commitment order are necessary to imprison a person for civil constructive contempt of court. *Ex parte Barnett*, 600 S.W.2d 252 (Tex.1980).

■ Lee urges us to also consider his arguments concerning the invalidity of the May 30th judgment of contempt because the trial court is likely to issue a new commitment order based on that contempt judgment. We agree with Lee that the May 30th order will not support his commitment to jail. In that contempt order the trial court found that Lee was served with a subpoena by which he was "ordered to appear and answer said interrogatories and respond to said Request for Production and to produce the documents designated in such subpoena." Lee was adjudged in contempt for his "failure of said subpoena." However, the court has never ordered Lee to answer interrogatories, only to produce documents.

■■ A judgment for civil constructive contempt must be based on a violation of a court order. *Ex parte Padron,* 565 S.W.2d 921 (Tex.1978). Also, under TEX.R.CIV.P. 215(2)(b)(6), for discovery abuse, a trial court may treat as contempt "the failure to obey any orders...." If one punishment is assessed for more than one act of contempt, and one act is not punishable by contempt, the entire judgment is void. *Ex parte Oebel,* 635 S.W.2d 454 (Tex.App.—San Antonio 1982, no writ); *Ex parte Carpenter,* 566 S.W.2d 123 (Tex.Civ.App.—Houston [14th Dist.] 1978, no writ).

The relator is ordered discharged.