**Ex parte Carl Flynt HIGGINBOTHAM, Jr.**

**No. 2–89–013–CV.**

Court of Appeals of Texas, Fort Worth.

April 5, 1989.

Jake Collier, Lewisville, for relator.

Phillips and Hopkins, P.C., Robert N. Eames, Denton, for movant.

Before WEAVER, C.J., and JOE SPURLOCK, II and KELTNER, JJ.

## OPINION

WEAVER, Chief Justice.

In this original habeas corpus proceeding authorized by TEX.GOV'T CODE ANN. sec. 22.221(d) (Vernon 1988), relator, Carl Flynt Higginbotham, Jr., seeks his release from confinement in the Denton County jail as a result of an order holding him in contempt and a writ of commitment issued thereunder. Higginbotham's application is granted and he is ordered discharged.

The trial court found Higginbotham in contempt on two separate violations. One was for failure to pay child support under temporary orders dated October 31, 1986. The other was for conveying a 1985 Chevrolet in violation of temporary orders dated April 28, 1986. A single punishment for both acts was assessed at confinement for twenty days.

Higginbotham contends that the language in the temporary orders of April 28, 1986, does not spell out the details of compliance in clear, specific, and unambiguous terms, and, thus cannot support the order of contempt. He relies on *Ex parte Slavin*, 412 S.W.2d 43, 44 (Tex.1967) and *Ex parte Glover*, 701 S.W.2d 639, 640 (Tex. 1985) to support his position.

Higginbotham also urges that the entire contempt order is void because one punishment was assessed for both acts. *See In re Newton*, 534 S.W.2d 194 (Tex.Civ.App.— Houston [14th Dist.] 1976) (orig. proceeding); *Ex parte Werner*, 496 S.W.2d 121 (Tex.Civ.App.—San Antonio 1973) (orig. proceeding). We note that in both of these decisions it was held the order was void because the relator could not be held in contempt for violating one of the underly-

ing acts. *See also Ex parte Lee,* 704 S.W. 2d 15, 17 (Tex.1986); *Ex parte Davila,* 718 S.W.2d 281, 282 (Tex.1986) (per curiam). Thus the present order is void only if Higginbotham could not be held in contempt for violating one of the acts. Since Higginbotham only challenges the validity of the property disposal order we will limit our review to it.

The language in the temporary orders of April 28, 1986, which Higginbotham attacks as being ambiguous, enjoined him from:

> Intentionally, knowingly, or recklessly destroying, removing, concealing, encumbering, transferring, or otherwise harming or reducing the value of the property of the parties, or either of them, with intent to obstruct the authority of the Court to order a division of the estate of the parties in a manner that the Court deems just and right having due regard for the rights of each party and any children of the marriage.

We observe that the above language is identical to the language used by the legislature in authorizing the trial court to issue temporary orders of this nature. *See* TEX. FAM.CODE ANN. sec. 3.58(a)(6) (Vernon Supp.1989). Higginbotham did not call to our attention the similarity between the language which he attacks and that set forth in the code, and has not, in this proceeding, otherwise attacked the validity of the legislative statute.

We believe that the language here under consideration fails to meet the specificity requirement for contempt orders expressed in *Ex parte Slavin,* 412 S.W.2d at 44–45 and as required by TEX.R.CIV.P. 683. We do not address the constitutionality of the statute itself because such issue has not been raised or proven by appellant. *See Texas State Bd. of Barber Exam. v. Beaumont Bar. Col.,* 454 S.W.2d 729, 732 (Tex. 1970) (statutes presumed valid unless party asserting invalidity carries its burden of proof).

Rather, we hold that the language in this statute was intended to delineate categories of acts that a judge might prohibit through the issuance of temporary orders and that the statute does not purport to provide or require the actual form of, or the language to be used in, such orders. We do not believe the legislature, in classifying categories for which orders might be issued, intended to discard the specificity and clarity safeguards provided by *Ex parte Slavin* (and rule 683) and nothing in the statute supports such a contention. It is the duty of the trial court and the attorney preparing the temporary orders to assure that such orders meet the specificity requirements.

The use of the phrases "intent to obstruct the authority of the Court" and "in a manner that the Court deems just and right" are too vague to support a contempt order under the specificity requirements of *Ex parte Slavin.* This language does not reasonably and specifically apprise Higginbotham of the acts which he was prohibited from doing. Therefore, we find the language in the property order too ambiguous to support an order of contempt. Since a single punishment was assessed for both of the acts, and one of the acts was not enforceable by contempt, the entire judgment is void. *See Ex parte Lee,* 704 S.W.2d at 17; *Ex parte Davila,* 718 S.W.2d at 282.

Higginbotham is ordered discharged and his bond is exonerated.