**Ex parte Carolyn R. SHIELDS, Relator.**

**No. 01–89–00519–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

Sept. 14, 1989.

Rehearing Denied Oct. 26, 1989.

Bernadette Johnlewis, Houston, for relator.

Shawn Casey, Houston, for respondent.

Sharon L. Michaels, Houston, atty. on rehearing.

Before EVANS, C.J., and DUNN and MIRABAL, JJ.

## OPINION

EVANS, Chief Justice.

By order dated April 10, 1989, the 328th District Court of Fort Bend County adjudged relator, Carolyn R. Shields, in contempt for failure to comply with the court's temporary orders issued September 2, 1987. The court suspended relator's commitment on the conditions that she obey the court's order in the future and that she pay $800 to the attorney for relator's spouse and $800 to the attorney ad litem representing relator's child. On May 30, 1989, the trial court revoked the order of suspension, finding that relator had not paid the attorney's fees, and ordered relator confined to the Fort Bend County Jail for 60 days.

On May 31, 1989, this Court granted relator's leave to file a writ of habeas corpus, set bond, and ordered relator released from jail pending final determination of the matter.

In its April 10, 1989 order, the court found that relator contemptuously had disobeyed the court's temporary order dated September 2, 1987, in two particulars. First, the court found that relator, in violation of the order, had disturbed the peace of the child by physically assaulting the child's father with a lamp, during which time the child was physically present and exposed to relator's conduct. As punishment for that contemptuous act, the court ordered relator confined in Fort Bend County Jail for 30 days. The court, however, suspended enforcement of this portion of the order on the following terms and conditions:

(1) that relator henceforth refrain from disturbing the peace of the child in contravention of the court's temporary orders;

(2) that relator pay to her spouse's attorney the sum of $400; and

(3) that relator pay to the attorney ad litem the sum of $400.

Second, the court found that relator contemptuously had disobeyed a provision in the temporary order, which enjoined relator and her spouse from causing bodily injury to one another. The court specifically found that relator intentionally, knowingly, and recklessly caused bodily injury to the child's father by physically assaulting him with a lamp. As punishment for that contemptuous act, the court ordered relator confined in the Fort Bend County Jail for an additional period of 30 days. The court suspended the enforcement of this portion of the order on the following terms and conditions:

(1) that relator henceforth refrain from intentionally, knowingly, and recklessly causing bodily injury to the child's father in contravention of the court's orders;

(2) that relator pay to her spouse's attorney an additional sum of $400; and

(3) that relator pay to the attorney ad litem an additional sum of $400.

The court's May 30, 1989 order, which revoked the court's previous order suspending enforcement of the order of contempt, recited that relator had failed to meet the conditions of suspension by payment of attorney's fees as provided in the suspension order.

In her petition for writ of habeas corpus, relator contends that the trial court lacked jurisdiction to enter the order of contempt because: (1) there were no affirmative pleadings on file requesting the award of attorney's fees; (2) the order of contempt unconstitutionally directs relator's confinement for failure to pay a debt in violation of Tex. Const. art. I, § 18; and (3) the temporary orders are so vague and ambiguous as to be unenforceable by contempt.

We overrule the three arguments advanced by relator in support of her petition for writ of habeas corpus.

■ The trial court's contempt order did not require that relator pay either the attorney's fees of her spouse's attorney or the fees of the attorney ad litem. The relevant provisions in that order simply allowed the relator to pay such fees as a condition to the suspension of enforcement of the contempt provisions. The Shields order is distinguishable from the orders in cases such as *Ex parte Rogers*, 633 S.W.2d 666, 670–71 (Tex.App.—Amarillo 1982, orig. proceeding), and *Ex parte Prevost*, 598 S.W.2d 310, 311 (Tex.Civ.App.—Beaumont 1979, orig. proceeding), where coercive contempt orders required payment of attorney's fees as a condition to purging contempt that had already been assessed. In the present case, upon relator's failure to meet the conditions of suspension, the court was empowered to revoke the suspension of the enforcement provisions of the contempt order, and to order the relator's commitment. Thus, the court's contempt order is enforceable and does not violate relator's constitutional protection against being imprisoned for debt.

■ We also conclude that the court's temporary orders are not so vague and ambiguous as to be unenforceable by contempt. Section 11.11 of the Family Code provides that the court may issue temporary orders to "restrain any party from molesting or disturbing the peace of a child or another party." Tex.Fam.Code Ann. sec. 11.11(e)(3) (Vernon Supp.1989). The court's temporary orders enjoined the relator from "molesting or disturbing the peace of the child" and from "intentionally, knowingly, or recklessly causing bodily injury to each other." Although the orders did not specify the various means by which the relator might violate the terms of the orders, the orders provide sufficient notice to the relator of the nature of conduct enjoined.

We deny the relator's petition for writ of habeas corpus, and order relator remanded to the sheriff of Fort Bend County, Texas.

## ON MOTION FOR REHEARING

EVANS, Chief Justice.

■ In relator's motion for rehearing, she argues that the contempt order is void because the trial court's order for issuance of capias states that relator is to be committed to jail in Fort Bend County, Texas, and thereafter confined "pending further orders of the court."

Relying on *Ex parte Quevedo*, 611 S.W.2d 711 (Tex.Civ.App.—Corpus Christi 1981, orig. proceeding), relator asserts that the language "pending further orders of the court" does not clearly delineate the requirements for compliance with the contempt order. Relator's reliance on *Quevedo* is misplaced. The order in *Quevedo* was a contempt order for failure to pay child support, not an order for the issuance of a capias.

The motion is denied.