# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00511-CV

**Anjum Malik, Individually and as Next Kin of Zeeshan Malik, Hussain Malik, Aabir Malik and Amrin Malik, Appellant**

**v.**

**A. Briggs Passport & Visa Expeditors, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
### NO. 260, 391, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Anjum Malik, individually and as next kin of Zeeshan Malik, Hussain Malik, Aabir Malik, and Amrin Malik (AMalik@), filed suit in Texas against Barnett Porter Briggs d/b/a A. Briggs Passport & Visa Expeditors (ABriggs Passport@) for failure to deliver visas as promised in time for the Maliks= Christmas vacation to Pakistan. *See* Tex. Civ. Prac. & Rem. Code Ann. ' 51.014(a)(7) (West Supp. 2003); Tex. R. Civ. P. 120a. Briggs filed a special appearance claiming that he and his sole proprietorship are not residents of Texas and that they do not have sufficient contacts with Texas to support the exercise of jurisdiction over them. After a hearing on the issue, the trial court sustained the special appearance. We affirm the trial court=s order sustaining the special appearance.

## BACKGROUND

To travel to Pakistan during the 1999 Christmas holidays, Anjum Malik sought to obtain visas from the Pakistani Consulate General in Los Angeles. Mr. and Mrs. Malik are citizens of India and their children are American citizens. To facilitate their applications during the busy holiday period, Malik contacted Briggs Passport, whose name and telephone number appeared in the classified section of the telephone book under the heading for visa and passport services. Malik claims that as a consequence of Briggs Passport=s inaction and misrepresentation, she received the visas late, forcing her to incur delay and additional travel expenses. She sued Briggs Passport, alleging causes of action for breach of contract, fraud, and violation of the Deceptive Trade Practices Act, Tex. Bus. & Com. Code Ann. '' 17.41-.63 (West 2002 & Supp. 2003). As a basis for jurisdiction, Malik asserted only that the county court at law has jurisdiction because ADefendant . . . does business in the State of Texas.@

Briggs filed a special appearance, arguing that his contacts with Texas did not permit the trial court to exercise personal jurisdiction over him or his business. Specifically, Briggs contended that he was not subject to the jurisdiction of Texas courts because he is not a resident of Texas and he and his company have not had sufficient minimum contacts with Texas. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985) (citing *International Shoe Co. v. Washington*, 326 U.S. 310 (1945)).

Briggs filed a verified special appearance accompanied by an affidavit, asserting that he is an individual residing in Washington, D.C., and Arkansas, and doing business under the assumed name of A. Briggs Passport & Visa Expeditors. According to Briggs=s sworn motion, Briggs Passport is in the business of providing services to obtain passports and visas for members of the general public. Briggs asserted that

he is not a resident of Texas and has had no purposeful contacts with the state. He further averred that his business and residence are in Washington, D.C., and that he maintains a residence in Arkansas.

In her affidavit responding to the special appearance, Malik averred that she found AA. Briggs in the Yellow pages of the Austin phone directory in the section for >Passport and Visa Services.=@ After finding the listing, Malik contacted Briggs Passport through the business=s 800 number. She then forwarded the family=s passports to Briggs Passport=s general manager in November 1999 to obtain visas. The family Aended up not getting Pakistani Visas in the United States. We had to spend four days of our vacation in New Delhi trying to get Pakistani Visas instead of spending our Christmas vacation with our relatives in Pakistan.@

In her response to the special appearance, Malik contended that Texas courts could exercise personal jurisdiction over Briggs Passport based on the listing alone. Malik did not attach the listing to her affidavit. The parties do not dispute that the listing contains the name and 800-telephone number of A. Briggs. Following a contested hearing, the trial court granted Briggs Passport=s special appearance. No party requested the court to make findings of fact and conclusions of law.[1]

---

[1] A trial court need not, but may C within thirty days after the interlocutory order is signed C file findings of fact and conclusions of law. Tex. R. App. P. 28.1.

**APPLICABLE LAW**

*Standard of Review*

The plaintiff bears the initial burden of pleading sufficient allegations to bring a nonresident defendant within the provisions of the long-arm statute. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 793 (Tex. 2002); *McKanna v. Edgar*, 388 S.W.2d 927, 930 (Tex. 1965). The plaintiff must allege facts that, if true, would make a nonresident defendant subject to the personal jurisdiction of a Texas court. *Paramount Pipe & Supply Co. v. Muhr*, 749 S.W.2d 491, 496 (Tex. 1988). When a plaintiff=s pleadings do not specifically allege any acts for personal jurisdiction, a defendant meets its burden of proof by putting on evidence that it is a nonresident. *See Siskind v. Villa Found. for Educ., Inc.*, 642 S.W.2d 434, 438 (Tex. 1982); *M.G.M. Grand Hotel, Inc. v. Castro*, 8 S.W.3d 403, 408 (Tex. App.CCorpus Christi 1999, no pet.). A defendant challenging a Texas court=s personal jurisdiction must negate all jurisdictional bases alleged by the plaintiff. *Kawasaki Steel Corp. v. Middleton*, 699 S.W.2d 199, 203 (Tex. 1985).

We review the trial court=s factual findings for legal and factual sufficiency. *BMC Software*, 83 S.W.3d at 794. When a trial court does not issue findings of fact and conclusions of law with its special appearance ruling, as here, all facts necessary to support the judgment and supported by the evidence are implied. *Id*. at 795; *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990). When the appellate record includes the reporter=s and clerk=s records, these implied findings are not conclusive and may be challenged for legal and factual sufficiency. *BMC Software*, 83 S.W.3d at 795; *Roberson v. Robinson*, 768 S.W.2d

4

280, 281 (Tex. 1989). We will affirm if the judgment can be upheld on any legal theory that is supported by the record. *BMC Software*, 83 S.W.3d at 794-95.

## *Personal Jurisdiction*

A Texas court may exercise jurisdiction over a nonresident defendant if the Texas long-arm statute authorizes the exercise of jurisdiction and the exercise of jurisdiction comports with due process. *Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d 223, 226 (Tex. 1991); *see* Tex. Civ. Prac. & Rem. Code Ann. ' 17.042 (West 1997). The broad language of the Texas long-arm statute permits an expansive reach, limited only by the federal constitutional requirements of due process. *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357 (Tex. 1990). As a result, we consider only whether it is consistent with federal due process for Texas courts to assert personal jurisdiction over Briggs Passport. *Guardian Royal*, 815 S.W.2d at 226.

The federal due process clause protects a person=s liberty interest in not being subject to binding judgments of a forum with which that person has established no meaningful contacts, ties, or relations. *Burger King*, 471 U.S. at 471-72 (citing *International Shoe*, 326 U.S. at 319). Under the federal constitutional test of due process, a state may assert personal jurisdiction over a nonresident defendant only if the defendant has purposefully established minimum contacts with the forum state and the exercise of jurisdiction comports with traditional notions of fair play and substantial justice. *Id.* at 476; *CSR Ltd. v. Link*, 925 S.W.2d 591, 594 (Tex. 1996).

The test for minimum contacts is whether Briggs purposefully availed himself of the privilege of conducting activities in Texas, thereby invoking the benefit and protection of Texas laws. *See*

*Schlobohm*, 784 S.W.2d at 357-58. This requirement ensures that a nonresident will be Ahaled@into court only as a result of intentional activities, so that it is reasonable for the nonresident defendant to expect the call of a Texas court. *Guardian Royal*, 815 S.W.2d at 226; *Schlobohm*, 784 S.W.2d at 357-58.

The minimum contacts analysis has been refined into two types of jurisdictionC specific and general jurisdiction. Because Malik does not contend that general jurisdiction exists, we will confine our discussion to whether there is specific jurisdiction. Specific jurisdiction exists when the cause of action arises out of or relates directly to the nonresident defendant=s contacts with the forum state. *Guardian Royal*, 815 S.W.2d at 230. In such an instance, the defendant=s specific activities must have been purposefully directed toward the forum state. *Id*. at 228. Specific jurisdiction is established if the defendant=s alleged liability arises from or is related to an activity conducted within the forum. *Id*.

### ANALYSIS

In her original petition, to support jurisdiction over Briggs Passport, Malik alleged only that the defendant Adoes business in the State of Texas.@ Malik=s pleadings contained no allegations that Briggs Passport committed any acts in Texas. The petition acknowledged that Briggs Passport was a foreign Aproprietorship@ headquartered in Washington, D.C. Malik alleged she could serve Briggs Passport only through its president, Porter Briggs, at his offices in Washington, D.C.

In response to Briggs Passport=s special appearance, Malik asserted in an affidavit that she found AA. Briggs@ in the yellow pages of the Austin telephone directory in the section for APassport and Visa Services@ and Acalled their 800 number.@ By a sworn amended special appearance response, Briggs presented evidence that he is a nonresident and further negated other potential bases of jurisdiction.

**6**

Malik had the initial burden of pleading sufficient allegations to bring Briggs Passport within the provisions of the long-arm statute. *BMC Software*, 83 S.W.3d at 793. As the nonresident defendant, Briggs Passport then had the burden to negate all bases of personal jurisdiction at the special appearance hearing. *Zac Smith & Co. v. Otis Elevator Co.*, 734 S.W.2d 662, 664 (Tex. 1987); *Kawasaki Steel Corp.*, 699 S.W.2d at 203. Without jurisdictional allegations by the plaintiff, the defendant can meet its burden of negating all potential bases of jurisdiction by presenting mere proof that it is a nonresident. *BMC Software*, 83 S.W.3d at 796; *Siskind*, 642 S.W.2d at 438.

At the special appearance hearing, Malik presented her affidavit averring that she found A. Briggs in the yellow pages of the Austin telephone directory in the section for APassport and Visa Services.@ She further averred: AI then sent our passports for A. Briggs to get us Pakistani Visas. Because of multiple misrepresentations and mistakes of [an employee of Briggs Passport], who represented himself to me as the general manager of A. Briggs, we ended up not getting Pakistani Visas in the United States.@ Instead, Malik obtained the visas in New Delhi, India.

The evidence is undisputed that Briggs Passport is a nonresident. But Briggs also presented his own affidavit as owner that his business is a sole proprietorship with its offices in Washington, D.C. He further averred that he conducts his business of obtaining passports and visas for third parties from the Washington, D.C. office. Briggs has never lived in, had an office in, or conducted business in Texas. Briggs averred that he maintained a website[2] and advertised in the yellow pages of various telephone books around

_____

[2] There is no evidence in the record that the website is anything other than a Apassive@ website for which most courts decline to assert the existence of personal jurisdiction. *See, e.g.*, *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 336-37 (5th Cir. 1999). In any event, there is no allegation that the website relates to

the country, including the yellow pages in the telephone book for Austin. There is no allegation that any information transmitted by telephone or letter gave rise to Malik=s claims. *See Schlobohm*, 784 S.W.2d at 357 (AWhere the activities of a defendant in a forum are isolated or disjointed . . . jurisdiction is proper if the cause of action arises from a particular activity.@); *Klenk v. Bustamante*, 993 S.W.2d 677, 684 (Tex. App.CSan Antonio 1998, no pet.) (no specific jurisdiction in Texas for fraud when plaintiff=s allegations did not show how New York attorney=s long-distance telephone conversations with plaintiff were fraudulent or deceptive). We may not infer jurisdictional facts. *McKanna*, 388 S.W.2d at 929-30.

Malik=s petition acknowledged that Briggs Passport was a foreign proprietorship with its office in Washington, D.C. Briggs Passport presented evidence that it was a nonresident. Malik did not request findings of fact. The trial court concluded that the special appearance should be sustained. Without findings of fact, it is therefore implied that the trial court made all the findings necessary to support its judgment. *Worford*, 801 S.W.2d at 109. The judgment must be affirmed if it can be upheld on any legal theory that finds support in the evidence. *Id.* Some additional act in Texas or one with reasonably foreseeable consequences within the forum is required. *BMC Software*, 83 S.W.3d at 797; *Siskind*, 642 S.W.2d at 438. Absent allegations of specific jurisdictional acts by Briggs Passport, general allegations that Briggs Passport committed fraud, deceptive acts, or breach of contract are insufficient to require it to prove more than nonresidency. *Siskind*, 642 S.W.2d at 438.

---

the causes of action asserted.

Malik did not allege specific facts and did not introduce evidence to support a claim for jurisdiction based upon the commission of a tort or other cause of action. We hold that because Malik did not allege any jurisdictional facts or present proof of such facts at the hearing, Briggs Passport=s evidence was sufficient to sustain its burden to negate personal jurisdiction. After reviewing the uncontroverted evidence submitted on the special appearance, there is some evidence to support a finding that Briggs Passport is not subject to the jurisdiction of Texas courts. *See BMC Software*, 83 S.W.3d at 794-95. In the absence of other contacts with the forum state, we decline to conclude that specific jurisdiction exists. Accordingly, we agree with the trial court that it lacked specific jurisdiction over Briggs Passport. We affirm the trial court=s judgment granting the special appearance.

## CONCLUSION

We hold that Malik did not allege sufficient facts to support jurisdiction over Briggs Passport. Because Briggs Passport did not have sufficient minimum contacts with Texas, we conclude that the trial court lacked specific jurisdiction. Accordingly, we affirm the trial court=s judgment dismissing the case against Briggs Passport for lack of personal jurisdiction.

_____

Jan P. Patterson, Justice

Before Justices Kidd, Yeakel and Patterson

Affirmed

9

Filed:  February 27, 2003