**Ex parte Johnny Lee JACKSON, Applicant.**

**No. 05–85–01374–CV.**

Court of Appeals of Texas, Dallas.

Feb. 18, 1986.

Rehearing Denied March 25, 1986.

Lana Johnson, Dallas, for applicant.

Karen L. Hirschman, Carrington, Coleman, Sloman & Blumenthal, Dallas, for respondent.

Before AKIN, WHITHAM and CARVER,[1] JJ.

WHITHAM, Justice.

This is a habeas corpus proceeding under TEX.GOV'T CODE ANN. § 22.221 (Vernon 1986). Relator, Johnny Lee Jackson, seeks discharge from the custody of the Sheriff of Dallas County. Jackson was detained pursuant to a commitment order issued by the judge of the 303rd District Court who found relator in contempt. After hearing, we granted the writ of habeas corpus and discharged relator from custody. This opinion follows.

The underlying action is based upon a post-divorce motion to modify child support obligations. In preparation for this action, Jackson's ex-wife sought production of several documents related to Jackson's income and liabilities. On October 11, 1985, a hearing was held on the ex-wife's second motion to compel discovery. Pursuant to this hearing, on October 14, 1985, the trial court ordered Jackson to: (1) produce several documents, or provide information necessary to identify and locate the documents; (2) deliver to the ex-wife's attorney a copy of an audio cassette tape which Jackson had earlier made available to the ex-wife for inspection; and, (3) pay the ex-wife $300 for attorney's fees incurred by her due to Jackson's failure to comply with discovery. The order also contained the following provision:

> 4. [Jackson] shall be assessed a fine of Fifty Dollars ($50.00) per day, payable to [the ex-wife], beginning October 11, 1985, until [Jackson] has complied with paragraphs 1, 2, 3 of this Order[.]

On November 8, 1985, the trial court held a hearing on the ex-wife's October 21, 1985, motion for contempt. Jackson was found in contempt of court for violating the October 14, 1985, order. Jackson was ordered incarcerated for 30 days,[2] and thereafter, until he purged himself of contempt by: 1) producing both the audio tape and the specified documents; 2) paying the ex-wife's attorney $300; 3) compensating the ex-wife $1,192 for attorney's fees incurred in bringing the motion for contempt; and, 4) paying the ex-wife $1,450.[3]

An original habeas corpus proceeding is a collateral attack upon the contempt order, and the relator may be relieved of that order's impositions only if the order is void. *Ex parte Dustman*, 538 S.W.2d 409, 410 (Tex.1976). In the present case, the $1,450 accrued "fine" was payable to the ex-wife. We treat the fifty dollar a day fine payable to the ex-wife as the assessment of a continuing monetary penalty payable to another party. *See Arndt v. Farris*, 633 S.W.2d 497, 500 (Tex.1982). In *Arndt*, we note that the supreme court is "concerned with the assessment of continuing monetary penalties payable to another party" as a sanction for failure to comply with discovery. *Arndt*, 633 S.W.2d at 500. In

---

1. The Honorable Spencer Carver, Justice, retired, Fifth District of Texas, sitting by assignment.

2. Jackson has already served the initial 30 days incarceration.

3. Fifty dollars a day multiplied by 29 days, which is the expired time between October 11, 1985 (the date Jackson was ordered to begin payment of the fine) and November 8, 1985 (the date of the contempt order).

*Arndt,* the court did not further address the concern because the issue was not properly before the court. *Arndt,* 633 S.W.2d at 500. We also conclude that we need not reach the question of whether assessment of a continuing monetary penalty is an appropriate sanction. We reach this conclusion because we treat the accrued amount of the sanction in the amount of $1,450 as a debt to the ex-wife for which Jackson has been imprisoned.

It is axiomatic that, as a general rule, one cannot be imprisoned for debt and, even if a non-payment violates a court order, it may not generally be enforced by imprisonment. *Ex parte Rogers,* 633 S.W.2d 666, 700 (Tex.Civ.App.—Amarillo 1982, no writ) citing *Ex parte Yates,* 387 S.W.2d 377, 380 (Tex.1965). Thus, we reach the question of whether the trial court's commitment order is void. This court has declared an order of commitment for imprisonment for debt to be void. We did so in language applicable to the present case in *In re Roberts,* 584 S.W.2d 925, 926 (Tex.Civ.App.—Dallas 1979, no writ):

> Relator argues that the order of commitment is void in that it violates Tex.Const. art. 1, § 18 which states: "No person shall ever be imprisoned for a debt." We agree. Since only one penalty was affixed for the three alleged acts of contempt and relator could not be held in contempt for two of them, the entire order is tainted and void.

584 S.W.2d at 926. Consequently, we conclude that Jackson's imprisonment for debt in the amount of $1,450 violates Tex.Const. art. 1, § 18 and that the entire order of commitment is void. We reach this conclusion because Jackson was ordered imprisoned until he purged himself of four alleged acts of contempt. Since Jackson could not be imprisoned for at least one of the alleged acts of contempt, it follows, and we so hold, that the entire commitment order is tainted and void. Accordingly, the relator, Johnny Lee Jackson, is discharged.

In the interim between our order discharging relator and this opinion, respondent filed a motion for rehearing. We overrule the motion for rehearing.