**Ex parte Walter CONWAY, Relator.**

No. B14–92–01001–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 17, 1992.

Jerome K. Wade, Houston, for appellant.

Mary Heafner, Houston, for appellee.

Before MURPHY, CANNON and ROBERT E. MORSE, Jr., (Sitting by Designation), JJ.

## OPINION

MORSE, Justice Assigned.

Relator seeks habeas corpus relief releasing him from an order under which he is held in contempt of court. On January 9, 1992 and again on April 30, 1992 this court granted relator's Application for Leave to File a Petition for Writ of Habeas Corpus, however in both instances, relator's petition was denied because his petition failed to comply with Tex.R.App.P. 120(b)(2)(7). Relator re-filed his petition for habeas corpus and after submission of the case, we deny the writ.

Relator was counsel to Carl Angelone in a post-divorce partition action. Mr. Angelone was a party defendant in the suit. The plaintiff in the partition suit, Steve Zelenske, served written requests for admissions on Mr. Angelone through his counsel, the relator. Relator prepared and issued timely answers, however, the plaintiff objected to the completeness of the responses. The plaintiff filed a motion to determine the sufficiency of the responses, to compel and for sanctions. Prior to the hearing requested by the plaintiff on the discovery dispute, Mr. Angelone hired Fredrick Forlano to represent him. Forlano amended the discovery answers and filed a motion to substitute counsel.

The hearing on the plaintiff's motion to compel and motion for sanctions was held on June 25, 1990 after being postponed from June 19, 1990. At the hearing before the 257th District Court, Judge Norman Lee found that some of the discovery answers were deficient and allowed the answers to be withdrawn. The new answers filed by Forlano were substituted. Judge Lee then ordered relator to pay attorney's fees as sanctions in the amount of $500.00 to the plaintiff's attorney on August 1, 1990. Relator failed to pay the attorney's fees, and the plaintiff's attorney filed a motion for contempt. The motion for contempt was heard on September 20, 1991 by Judge Valderas, Senior Judge of the 233rd District Court (who was appointed by Presiding Judge Thomas Stovall to replace Judge Lee as to the instant case). Judge Valderas held relator in contempt of Judge Lee's order, expressly for failure to pay $500.00 "as sanctions" so ordered. The court then ordered relator confined in the Harris County Jail for a period of ten days expressly for the stated contempt so found. The writ of commitment was issued by the clerk and the relator was taken into custody.

We begin with an inquiry into whether the trial court's levy of sanctions made payable before a final judgment was rendered was proper. The hearing on the motion to compel and for sanctions in the instant case was held on June 25, 1990. The court granted the motion and ordered the sanctions paid to the moving party on August 1, 1990, as provided by Rule 215. At the time of the sanctions hearing there was no final judgment from which to appeal.

■ If the imposition of monetary sanctions threatens a party's continuation of the litigation, appeal affords an adequate remedy only if payment of the sanctions is deferred until final judgment is rendered and the party has the opportunity to supersede the judgment and perfect his appeal. *Braden v. Downey*, 811 S.W.2d 922, 929 (Tex.1991). If a litigant contends that a monetary sanction precludes access to the courts, the trial court must either (1) provide that the sanction is payable only at a date that coincides with or follows entry of a final judgment; or (2) make express written findings, after a prompt hearing, as to why the award does not have such a preclusive effect. *Thomas v. Capital Security Services, Inc.*, 836 F.2d 866, 882–83 n. 23 (5th Cir.1988).

■ Quoting the language in *Thomas*, the *Braden* court concluded that adopting such a procedure allows the trial court to levy some monetary sanctions during pretrial proceedings but requires that performance or payment of more severe sanctions be deferred until an appealable judgment is rendered. 811 S.W.2d at 929. No contention has been made that the requirement here to pay $500 attorney's fees as a sanction is so excessive or preclusive as to impair access to continued litigation of the

underlying case. Nor do we hold the award to be so. Furthermore, the record indicates that relator was replaced by new counsel on or before the date of the sanctions hearing.

We therefore conclude that since the award of $500.00 as sanctions did not preclude continuation of the litigation, the trial court did not abuse its discretion by making the sanctions payable on a date prior to final judgment. In proceeding to address relator's contentions we note the Supreme Court's concern expressed in *Braden* that the appeals courts not embroil themselves unnecessarily in incidental pretrial rulings of the trial courts. 811 S.W.2d at 928.

Relator asserts that the contempt and commitment order is void and should be set aside because: (1) an order to pay attorney's fees may not be enforced by contempt proceedings; (2) attorney's fees charged as sanctions under TEX.R.CIV.P. 215 may not be ordered paid directly to a party's attorney; and (3) the guilt or innocence of a court officer held in contempt must be determined by a judge of a district court that is not the offended court.

■ Relator first contends that the court order is void because an order to pay attorney's fees may not be enforced by contempt proceedings. As a general rule, the collection of attorney's fees by contempt proceedings is not allowed in this State. *Wallace v. Briggs*, 162 Tex. 485, 348 S.W.2d 523, 525–26 (1961); *Ex parte Quevedo*, 611 S.W.2d 711, 712 (Tex.Civ. App.—Corpus Christi 1981, no writ). However, the record reveals that Judge Valderas' order holding relator in contempt concerned not the collection of separately adjudicated attorney's fees, instead, relator was found in contempt for failing to obey a court order to pay sanctions for abuse of the discovery rules. There is no question that the trial court has the authority to sanction a party or his attorney for abusing the discovery rules. TEX.R.CIV.P. 215(3). Furthermore, such sanctions may include reasonable attorney's fees. TEX.R.CIV.P. 215(2)(b)(8). Moreover, the United States Supreme Court in *Chambers v. NASCO, Inc.*, —— U.S. ——, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) stated that a court may assess attorney's fees as a sanction for the "willful disobedience of a court order." —— U.S. at ——, 111 S.Ct. at 2133. Furthermore, Rule 215(2)(b)(6) authorizes "an order treating as a contempt of court the failure to obey any orders...."

■ The Court's authority to regulate trials, and accordingly to punish for contempt, is broad and plenary. *Ex parte Taylor*, 807 S.W.2d 746, 748 (Tex.Crim. App.1991); *Ex parte Jones*, 331 S.W.2d 202 (Tex.1960); TEX.GOV'T CODE ANN. § 21.001. Section 21.002(b) of the Texas Government Code states that the punishment for contempt of court "is a fine of not more than $500.00 or confinement in the county jail, or both...." It is clear from this wording that the Legislature fully intended the courts to have the power to hold persons in contempt and possibly subject to confinement for violation of a previous court order. The trial court was not in error in holding relator in contempt and ordering his commitment for failure to obey a previous court order. Relator's first contention is overruled.

■ Relator next argues that the order of contempt and commitment is void because Rule 215 authorizes the payment of attorney's fees only to the "moving party" and not to his attorney. We do not read this restriction into the rule. The trial court has the authority under Rule 215 2(b) "to make such orders ... as are just" ... including but not limited to Rule 215(2)(b)(8). Where a party or his attorney has been sanctioned for abuse of the discovery rules, and ordered to make payment, such payment may be ordered made to the moving party or that party's attorney. Relator's second contention is overruled.

■ Finally, relator argues that the order of contempt and commitment is void because the guilt or innocence of a court officer held in contempt must under "the Government Code" be determined by a judge of a district court that is not the offended court. The Government Code to which appellant refers is TEX.GOV'T CODE

ANN. § 21.002(d), (e) (Vernon 1992). Relator claims that Judge Valderas was the offended court because it was Judge Valderas who held him in contempt. However, our review of the record reveals that the offended court would be Judge Lee, from whom the original sanction order came, and that Judge Valderas' contempt order was only holding relator in contempt for violating that order and not for a contemptuous act committed before his court. Relator's third contention is overruled.

In light of the foregoing, relator's application for writ of habeas corpus is denied.

MURPHY, Justice, dissenting.

Because I would grant the writ of habeas corpus, I respectfully dissent. The majority has ignored the plain language of Rule 215 in its discussion of the trial court's sanctions order.

Rule 215(1)(d) dictates that when a motion to compel is granted, the trial court shall require the party whose conduct necessitated the motion, or his attorney, to pay the moving party reasonable expenses incurred in obtaining the order, including attorney's fees. The rule mandates that such order of the court *shall* be subject to review on appeal from *final* judgment. TEX.R.CIV.P. 215(1)(d).

Similarly, Rules 215(2) and 215(3) allow the trial court to impose sanctions, including attorney's fees, on a party or his attorney for failure to comply with a discovery request or abuse of the discovery process. These rules also mandate that the sanction order is subject to review on appeal from *final* judgment. TEX.R.CIV.P. 215(2)(b)(8); 215(3).

The trial court should not have held relator in contempt for non payment of the attorney's fees prior to entry of final judgment. Relator's only remedy from the sanctions order is by appeal after final judgment because mandamus is not proper unless the sanctions have the effect of precluding a decision on the merits. *See Transamerican Natural Gas Corp. v. Powell,* 811 S.W.2d 913, 920 (Tex.1991); *Braden v. Downey,* 811 S.W.2d 922, 929 (Tex.1991); *Stringer v. Eleventh Court of Appeals,* 720 S.W.2d 801, 802 (Tex.1986) (per curiam).

I would hold that the trial court abused its discretion in ordering relator to pay sanctions before he could appeal that order. Therefore, I would find the contempt and commitment orders by the trial court void and grant relator's writ of habeas corpus.