TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00352-CV







Frances Cornejo and Janie Bernal, Appellants



v.



Lots to Love, Inc., d/b/a Full Size Fashion Mill Store, Appellee







FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT


NO. C92-838A, HONORABLE ROBERT T. PFEUFFER, JUDGE PRESIDING







PER CURIAM



 Appellants Frances Cornejo and Janie Bernal appeal the dismissal of their suit
against appellee Lots to Love, Inc.. Appellants sued for false arrest and imprisonment after they
were accused of shoplifting by an agent of appellee on December 9, 1990. Appellants' petition
alleges that they were detained by appellee's agent, were arrested, fingerprinted and jailed;
charges were later dropped.

 On December 28, 1992, appellee served appellants with interrogatories and requests
for production, the answers to which should have been served by February 1, 1993, but were not. 
Appellee filed a motion to compel on February 8, 1993. On March 15, 1993, the trial court
signed a sanctions order against appellants for failure to respond timely to interrogatories. The
order required appellants to respond to discovery requests within ten days and to pay $250 to the
opposing attorney before setting the case for trial. Appellants filed their answers to the
interrogatories, although appellee asserts that Bernal's answers were not served until March 31,
six days after the court-imposed deadline. (1) The case was not set for trial and appellants did not
pay the $250 fine. On December 3, 1994, appellee filed a motion to dismiss for failure to
comply with the March 15 order. At the hearing on the motion, which appellants did not attend, (2)
the trial court dismissed the case. 

 Appellants bring one point of error, asserting that the trial court abused its
discretion in dismissing their case without considering the availability of less stringent discovery
sanctions and whether the lesser sanctions would fully promote compliance. We will sustain the
point of error.

 We initially consider appellee's contention that appeal by writ of error is
inappropriate. To appeal by writ of error: (1) the appeal must be brought within six months after
the judgment was signed; (2) by a party to the suit; (3) who did not participate in the actual trial;
and (4) the error complained of must be apparent from the face of the record. See Tex. Civ. Prac.
& Rem. Code Ann. § 51.013 (West 1986); Tex. R. App. P. 45; General Elec. Co. v. Falcon
Ridge Apartments, 811 S.W.2d 942, 943 (Tex. 1991). Appellants, parties to the suit, brought the
appeal within six months of the date the judgment was signed. Also, since appellants did not
appear at the hearing on the motion to dismiss, they did not "participate" in the actual trial. See
Flores v. H.E. Butt Grocery Co., 802 S.W.2d 53 (Tex. App.--Corpus Christi 1990, no writ)
(plaintiffs did not participate at actual trial when they filed petition and appeared at mandatory
docket control conference but did not appear at pretrial hearing at which court ordered them to
comply with defendant's discovery request or face dismissal); Ridgeline, Inc. v. Crow-Gottsman-Shafer # 1, 734 S.W.2d 114 (Tex. App.--Austin 1987, no writ) (corporation did not participate in
actual trial of the case by filing petition or by permitting deposition of officer when it neither filed
response to motion for summary judgment nor appeared at summary judgment hearing). Finally,
the error complained of is apparent from the face of the record because extrinsic evidence is not
required to determine whether error occurred. See General Elec., 811 S.W.2d at 944. We
conclude that appeal by writ of error is appropriate.

 The parties dispute the standard of review that this court should employ. Appellee
argues that the correct standard is that used to review the dismissal of a case for want of
prosecution. However, this case was not dismissed for want of prosecution. The motion to
dismiss and the order granting it were both predicated on the appellants' failure to pay the $250
fine levied by the sanction order. (3) Accordingly, we analyze the dismissal of the case as a
discovery sanction under the standard set out in TransAmerican Natural Gas Corp. v. Powell, 811
S.W. 2d 913 (Tex. 1991). 

 The TransAmerican standard is a two-part inquiry into whether the imposition of
sanctions is just. First, a direct relationship must exist between the offensive conduct and the
sanction imposed. Second, the sanction must not be excessive. TransAmerican, 811 S.W.2d at
917. 

 We first consider whether a direct relationship exists between the offensive conduct
and the sanction imposed. Here, the offensive conduct was appellants' alleged failure to pay a
$250 fine. We note that it is not clear that appellants violated the order with regard to the
payment of sanctions because the order does not set a deadline for payment; rather, it simply
requires that appellants pay the $250 fine before setting the case for trial.

 Assuming that the order was violated, a just sanction should be directed against the
abuse and should remedy the prejudice caused the innocent party. Id. Appellee was prejudiced
by the expenditure of attorney's fees and expenses in filing its motion for sanctions for failure to
comply with the order. "[R]eimbursement of those expenses would appear to be better calculated
to remedy such prejudice than would death penalty sanctions." Chrysler Corp. v. Blackmon, 841
S.W.2d 844, 850 (Tex. 1992) (monetary penalties more appropriate than death penalty sanctions
when no prejudice existed other than additional attorney's fees). We realize that a monetary
sanction was already imposed and the complaint was that it was not paid. However, given the
lack of specificity of the order, there is no evidence that a further sanction requiring payment by
a date certain would be violated. See TransAmerican, 811 S.W.2d at 918 (court must consider
whether lesser sanctions would be effective). See also Braden v. Downey, 811 S.W.2d 922, 929
(Tex. 1991) (monetary sanctions should not ordinarily be used to dispose of litigation). (4) We hold
that the sanction imposed, the dismissal of appellants' case, is not directly related to the offensive
conduct, their failure to pay a $250 fine.

 Further, a just sanction must not be excessive. TransAmerican, 811 S.W.2d at
917. A sanction should be no more severe than necessary to satisfy its legitimate purposes. The
trial court must consider the availability of less stringent sanctions and whether lesser sanctions
would fully promote compliance. Id. In this case, the purpose of the sanction was to encourage
the payment of the fine or to punish appellants for their failure to pay. A lesser sanction could
have included setting a final deadline for the payment of the fee and finding appellants in contempt
of court for a subsequent failure to pay. See Tex. Gov't Code Ann. § 21.002 (West 1988 & Supp.
1995); Tex. R. Civ. P. 215(2)(b)(6),(8); Ex parte Conway, 843 S.W.2d 765, 767 (Tex.
App.--Houston [14th Dist.] 1992, orig. proceeding) (trial court authorized to find attorney in
contempt for failing to obey court order to pay sanctions for abuse of discovery rules).

 Also, sanctions that preclude presentation of the merits of the case should not be
assessed absent a party's flagrant bad faith or counsel's callous disregard for the responsibilities
of discovery under the rules. TransAmerican, 811 S.W.2d at 918 (emphasis added). Here, the
interrogatories had been answered long before the hearing on the motion to dismiss; the case was
dismissed not for appellants' failure to respond to discovery, but for their failure to pay a fine. 
 Finally, "death penalty sanctions should not be used to deny a trial on the merits
unless the court finds that the sanctioned party's conduct 'justifies a presumption that its claims
or defense lack merit.'" Chrysler Corp., 841 S.W.2d at 850 (quoting TransAmerican, 811
S.W.2d at 918). Appellants' failure to pay the sanction, when no deadline was imposed, does not
justify a presumption that their claim lacks merit. 

 Finding that the trial court's dismissal does not meet the TransAmerican standard,
we sustain appellants' point of error, reverse the order of dismissal, and remand the cause for
proceedings consistent with this opinion.

 

Before Justices Powers, Kidd and B. A. Smith

Reversed and Remanded

Filed: April 12, 1995

Do Not Publish

1.   Appellants dispute this, stating that Bernal's responses were served on March 11.
2.   Appellants state that neither they nor their attorney attended because they had complied
with the order compelling them to respond to discovery requests.
3.   Appellee filed "Defendant's Motion to Dismiss for Plaintiffs' Failure to Comply with
Order Granting Defendant's Motion to Compel and Sanctions." The motion complained that
the $250 had not been paid and asked that the cause of action be dismissed for failure to
comply, or in the alternative, that "Plaintiffs be required to comply with the Court's order by
paying the sum of Two Hundred Fifty and No/100 Dollars ($250.00) as previously ordered by
the Court so that this case can be set on the jury docket for trial."
4.   We do not reach the issue of whether the trial court's levy of sanctions made payable
before a final judgment was rendered was proper because appellants did not claim below that
the monetary sanction threatened their continuation of the litigation. See Ex parte Conway,
843 S.W.2d 765, 767 (Tex. App.--Houston [14th Dist.] 1992, orig. proceeding).