TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-00-00691-CV







Holly West; Marc G. Rosenthal; and Rosenthal & Watson, Appellants




v.




Sandra Joseph, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT


NO. 98-06495, HONORABLE MARY PEARL WILLIAMS, JUDGE PRESIDING







 Appellants Holly West, Marc G. Rosenthal, and the law firm of Rosenthal &
Watson appeal from a trial court order imposing sanctions against Marc G. Rosenthal and
Rosenthal & Watson. We will affirm the order.


BACKGROUND


 In June 1998, Holly West filed suit against appellee Sandra Joseph in Travis County
district court to recover for injuries resulting from an automobile accident between the two. The
case was set for trial on April 24, 2000.

 Approximately one month before trial, West's attorney, Marc Rosenthal, deposed
and questioned Joseph about her responses to a request for admissions concerning the use of her
cellular phone before, during, and immediately after the automobile collision. During the
deposition, a disagreement arose over whether Joseph could see the document from which
Rosenthal was questioning her about her responses. Rosenthal refused to allow Joseph to see the
document and instead insisted on reading it to her "verbatim." Joseph's attorney, Matthew
Beatty, indicated his intent to get his copy of the document from his files; Rosenthal, however,
refused to consent to a break and indicated that he would end the deposition if Beatty left the
room. Beatty eventually removed Joseph from the deposition.

 Rosenthal subsequently served Joseph with a second notice to continue her
deposition on April 10, and filed a motion to compel and for sanctions relating to the first
deposition; Joseph filed a motion to quash the deposition notice. The district court denied
Rosenthal's motion for sanctions and partially granted Joseph's motion to quash. The court
allowed the deposition to go forward with the limitation that Rosenthal could examine Joseph for
no longer than thirty minutes and only on the topic of her use of her cellular phone at or near the
time of the accident. Thirty minutes before the scheduled deposition on April 10, Rosenthal faxed
a letter to Beatty stating that he "would not resume the deposition" of Joseph that day. Rosenthal
did not call to notify defense counsel, and the letter did not reach defense counsel until after the
time the deposition was set to begin. 

 On March 31, in the period between the two deposition dates, Rosenthal filed a loss
of consortium claim against Joseph, arising out of the same automobile collision, in a Travis
County county court at law on behalf of West's husband, Daniel West. Joseph filed a motion to
consolidate Mr. West's case with Ms. West's district court case. The county court at law held
a hearing on Joseph's motion to consolidate. Rosenthal opposed consolidation, serving Joseph's
counsel with Mr. West's first amended original petition reducing the requested damages to
$499.99, just one cent below the minimal jurisdictional limits of the district court. However,
because this amount was also below the county court at law's jurisdictional minimum of $500, the
court dismissed Mr. West's suit for lack of subject matter jurisdiction and sanctioned Rosenthal,
finding that "the actions of [Rosenthal] herein are the sort that cry out for sanctions," that
Rosenthal's actions had "caused an unnecessary multiplicity of lawsuits from an apparently
simple, routine car wreck case," and that his actions "in unreasonably attempting to impede the
transfer of and consolidation of claims [had] caused a waste of the resources of the courts and of
Defendant's time and money." 

 Following the county court's dismissal order, Rosenthal filed a new but identical
lawsuit on behalf of Mr. West, again in the county court at law. In response, Joseph filed, in the
county court at law, a motion to transfer Mr. West's suit to district court, and, in district court,
a motion for continuance, asking the district court to continue the April 24 trial setting to allow
time to consolidate the county court at law and district court proceedings. The district court
denied Joseph's motion, and the April 24 setting remained in place. The county court at law,
however, granted the motion to transfer Mr. West's case to district court; the district court
consented to the transfer but indicated that it would not agree to the consolidation of Mr. West's
and Ms. West's cases because Ms. West's case was set for trial the following Monday. Unable
to obtain consolidation, Joseph withdrew her motion to transfer Mr. West's suit to district court. 

 Rosenthal allegedly contacted Beatty by telephone the day before trial, which was
Easter Sunday, stated that he had been "unreasonable" in his attempts to avoid consolidation, and
agreed to try both cases on the merits the next day. However, with less than twenty-four hours
before trial, Beatty was unable to reach his client to obtain consent to the consolidation and trial
of both cases on April 24.

 The morning of April 24, the district court held a pretrial hearing. At the end of
the hearing, the district judge instructed the parties to return to the courtroom by 1:45 p.m. for
jury selection. That afternoon, Joseph was served with two new lawsuits Rosenthal had filed in
Travis County district court within the previous hour. Rosenthal then served Joseph's counsel
with a nonsuit without prejudice of the district court and county court at law cases. 

 Joseph subsequently filed a motion for sanctions for "frivolous and unethical
conduct of Plaintiff's attorney," requesting that the court impose sanctions under either sections
10.001 through 10.006 of the Texas Civil Practice and Remedies Code, see Tex. Civ. Prac. &
Rem. Code Ann. §§ 10.001-.006 (West Supp. 2001), or under the court's inherent power to
sanction. The matter was set for hearing on May 22; Rosenthal responded by filing a motion to
quash the hearing on the basis that it had "been illegally scheduled by one of Defendant's
attorneys of record (Matthew Beatty)." The district court denied Rosenthal's motion to quash and
proceeded to hear evidence relating to Joseph's motion for sanctions.

 The district court found that "Marc G. Rosenthal and the firm of Rosenthal &
Watson have engaged in conduct which justifies the imposition of sanctions pursuant to [the]
Court's inherent power to discipline attorneys for improper and bad faith conduct." The court
ordered Rosenthal and Rosenthal & Watson to pay Joseph sanctions in the amount of $14,751.08,
payable to Herman & Howry, L.L.P., Beatty's law firm, "for the payment of the fees and
expenses incurred in defense of the incident and allegations alleged by Plaintiff." West,
Rosenthal, and Rosenthal & Watson (collectively "appellants") appeal the trial court's order of
sanctions.


DISCUSSION

 The decision to impose a sanction is left to the discretion of the trial court and will
be set aside only upon a showing of a clear abuse of discretion. Koslow's v. Mackie, 796 S.W.2d
700, 704 (Tex. 1990). A trial court abuses its discretion when it acts in an unreasonable and
arbitrary manner, or without reference to any guiding rules or principles. Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). When reviewing a trial court's decision
under the abuse of discretion standard, we are required to view the evidence in the light most
favorable to the trial court's action and to indulge every legal presumption in favor of the
judgment. Onwuteaka v. Gill, 908 S.W.2d 276, 280 (Tex. App.-Houston [1st Dist.] 1995, no
writ). By two issues, appellants argue that the district court abused its discretion by (1) imposing
sanctions based on conduct that does not support the imposition of sanctions under the court's
inherent power to sanction, and (2) awarding sanctions in the amount of $14,751.08 and ordering
payment to the law firm that represented Joseph.

 The trial court in this case imposed sanctions pursuant to its "inherent power to
discipline attorneys for improper or bad faith conduct." Even in the absence of an applicable rule
or statute, a court has the inherent authority to sanction parties for bad faith abuses if it finds that
to do so will "aid in the exercise of its jurisdiction, in the administration of justice, and in the
preservation of its independence and integrity." In re Bennett, 960 S.W.2d 35, 40 (Tex. 1997)
(citing Eichelberger v. Eichelberger, 582 S.W.2d 395, 398-99 (Tex. 1979)). This inherent power
to sanction exists to the extent necessary to deter, alleviate, and counteract bad faith abuse of the
judicial process. Onwuteaka, 908 S.W.2d at 280.

 The trial court, in its order imposing sanctions, found that Rosenthal engaged in
a course of conduct that was calculated solely to harass Joseph and needlessly increase the cost
of litigation, and that such conduct had wasted judicial resources. These findings were based on
the factual allegations set forth in Joseph's motion for sanctions, which were adjudged "proven
true" by the trial court. The order states, "Without reciting each factual allegation set forth in
Defendant's Motion for Sanctions, Mr. Rosenthal's unacceptable course of conduct includes but
is not limited to, the filing of multiple lawsuits, admittedly unreasonable opposition to Defendant's
efforts to consolidate the multiple lawsuits, and improper conduct during the discovery process." 
The order then lists, by example, specific instances illustrating "Mr. Rosenthal's tactics to
needlessly burden the parties and to increase the cost of litigation."

 Appellants isolate specific instances of conduct enumerated in the district court
order and argue that each act alone cannot support the imposition of sanctions. For example, the
order states, "The Court finds that Mr. Rosenthal filed his nonsuit for purposes of securing a
different District Court Judge and, hopefully, different pretrial rulings. This conduct is essentially
forum shopping and improper." Appellants argue, however, that "West had the option, and the
absolute right, to nonsuit her case under Rule 162" and that "the filing of a nonsuit-even to avoid
unfavorable rulings-is not improper conduct and will not support the imposition of sanctions as
a matter of law."

 By their first issue, appellants argue that the district court abused its discretion
because the conduct on which the sanctions order is based does not support the imposition of
sanctions under the court's inherent power. Appellants' attempt to isolate each instance of
conduct and their argument that each one was appropriate and therefore not sanctionable are
unpersuasive. The district court's order assessed sanctions for a "course of conduct," not an
individual instance of conduct. We acknowledge that while certain isolated instances of conduct
may not be sanctionable independently, several independent acts combined, which together create
a course of conduct to circumvent the judicial process, are properly sanctionable under a court's
inherent power. 

 In support of the proposition that a court has the inherent power to sanction an
improper course of conduct, Joseph persuasively cites In re Bennett. In the Bennett case,
plaintiffs' counsel filed seventeen separate lawsuits and, upon finally receiving assignment to the
particular district court desired, filed notices of nonsuit in all sixteen previously filed suits. In re
Bennett, 960 S.W2d at 36-37. The Bennett court acknowledged that "[g]enerally, plaintiffs have
the right under Tex. R. Civ. P. 162 to take a nonsuit at any time," but based on the attorneys'
conduct and admission that the filing process used was designed to get the clients' claims before
a particular judge, the court found that counsel engaged in a deliberate circumvention of the
random assignment of cases and that the trial court therefore did not abuse its discretion in
imposing sanctions. Id. at 38. In reviewing the facts of the case, the supreme court looked at
both the overall course of conduct as well as the intent of counsel:


This type of conduct, if tolerated, breeds disrespect for and threatens the integrity
of our judicial system. . . . The lawyers sanctioned in this case cannot deny that
they were fully aware of the purposes of the random assignment system. They
intentionally attempted to circumvent those purposes. 



Id. at 40 (emphasis added). 

 Here, our review of Rosenthal's overall course of conduct, as well as the intent that
can be inferred from a review of such conduct, leads us to conclude that the district court did not
abuse its discretion in imposing sanctions. The record contains sufficient evidence supporting the
district court's findings that Rosenthal engaged in a course of conduct calculated solely to harass
Joseph and needlessly increase the cost of litigation, and that such conduct wasted judicial
resources. Rosenthal filed multiple lawsuits and admitted to unreasonably objecting to the
consolidation of those lawsuits. Rosenthal further engaged in improper conduct during the
discovery process by engaging in unreasonable conduct during the deposition, by filing a frivolous
motion for sanctions stemming from Joseph's deposition, by seeking permission for the deposition
to continue, and by then declining to depose Joseph and failing to properly notify Joseph's counsel
that the deposition would not be held. After filing a nonsuit the day of trial, Rosenthal stated that
the reason for the nonsuit was that he did not agree with the court's pretrial rulings; such
admission supports the court's finding that Rosenthal engaged in improper forum shopping by
filing his nonsuit for the purposes of securing a different judge and different pretrial rulings. This
conduct, like that at issue in Bennett, breeds disrespect for and threatens the integrity of our
judicial system. Id. Sanctioning Rosenthal for such behavior was well within the district court's
authority to counteract bad faith abuse of the judicial process and preserve the court's
independence and integrity. We overrule appellants' first issue.

 By their second issue, appellants argue that the district court abused its discretion
because (1) the sanction imposed is excessive and therefore unjust, and (2) the district court
improperly ordered the draft for payment of sanctions to be made payable to the law firm that
represented Joseph.

 We measure whether an imposition of sanctions is just by two standards. 
Transamerican Natural Gas Corp. v. Powell, 811 S.W.2d 913, 917 (Tex. 1991). First, a direct
relationship must exist between the offensive conduct and the sanction imposed. Id. This means
that a just sanction must be directed against the abuse and toward remedying the prejudice caused
the innocent party. Id. Sanctions may also be imposed to secure compliance, deter future
violations, and punish violators. Bodnow Corp. v. City of Hondo, 721 S.W.2d 839, 840 (Tex.
1986). Second, just sanctions must not be excessive. Transamerican Natural Gas Corp., 811
S.W.2d at 917. "The punishment should fit the crime." Id.

 Here, the court imposed sanctions in the amount of $14,751.08, "representing the
reasonable and necessary attorneys fees and expenses incurred by Defendant in defense of multiple
claims alleged" and further stated that "the court awards this sum as a reasonable and measured
penalty for the conduct at issue as an amount necessary to deter future similar conduct."

 We cannot say that the sanction imposed by the district court is excessive or
violates the guidelines elucidated in TransAmerican. See id. The sanction imposed bears a direct
relation to the offensive conduct at issue here--Rosenthal's efforts to increase the cost of litigation
and harass Joseph. The purpose of the sanction in this case was not only to reimburse Joseph for
the costs of fees and expenses incurred in the litigation up to the point of nonsuit, but also "to
deter future similar conduct." Because the sanction had a punitive purpose, the amount of the
award was within the discretion of the district court. In light of the fact that a lesser sanction
imposed by the county court at law apparently did not deter Rosenthal from engaging in further
improper conduct, we cannot say the district court clearly abused its discretion by awarding
$14,751.08 in sanctions.

 Finally, appellants contend that the district court improperly ordered them to make
the draft for payment of sanctions payable to the law firm representing Joseph instead of to Joseph
herself. This argument also lacks merit. "Where a party or his attorney has been sanctioned for
abuse of the discovery rules, and ordered to make payment, such payment may be ordered made
to the moving party or that party's attorney." Ex parte Conway, 843 S.W.2d 765, 767 (Tex.
App.-Houston [14th Dist.] 1992, orig. proceeding) (emphasis added). We accordingly overrule
appellants' second issue.

CONCLUSION

 Having overruled both of appellants' issues on appeal, we affirm the district court's
order imposing sanctions.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson

Affirmed

Filed: April 26, 2001

Do Not Publish



nthal engaged in a course of conduct calculated solely to harass
Joseph and needlessly increase the cost of litigation, and that such conduct wasted judicial
resources. Rosenthal filed multiple lawsuits and admitted to unreasonably objecting to the
consolidation of those lawsuits. Rosenthal further engaged in improper conduct dur