MEMORANDUM OPINION




No. 04-02-00360-CV



IN RE Donald H. SMITH and Pat Smith



Original Mandamus Proceeding (1)



Opinion by: Sarah B. Duncan, Justice


Sitting: Catherine Stone, Justice

 Sarah B. Duncan, Justice

 Karen Angelini, Justice


Delivered and Filed: March 12, 2003


WRIT OF MANDAMUS CONDITIONALLY GRANTED


 Donald and Pat Smith seek a writ of mandamus compelling the trial court to vacate its
contempt order. We conditionally grant the writ.

Factual and Procedural Background
 

 The factual background of the underlying dispute is set forth in Smith v. Levine, 911 S.W.2d
427 (Tex. App.-San Antonio 1995, writ denied), and Smith v. Texas Farmers Ins. Co., 82 S.W.3d
580 (Tex. App.-San Antonio 2002, pet. denied). In a nutshell, the Smiths sued Farmers seeking to
collect the insurance proceeds represented by two checks. Smith, 82 S.W.2d at 583. The trial court
rendered a summary judgment against the Smiths on all of their causes of action and ordered them
to pay to Farmers $88,000 in attorney's fees. Smith, 82 S.W.3d at 583, 588. (2)

 In its effort to determine what assets the Smiths had to satisfy the judgment for attorney's
fees, Farmers sent the Smiths postjudgment interrogatories. The Smiths answered the first twenty-six interrogatories and objected to the remainder. See and compare Tex. R. Civ. P. 190.3(b)(3) ("no
more than 25 written interrogatories") and Tex. R. Civ. P.190.6 ("rule's limitations on discovery
do not apply to or include discovery conducted under ... Rule 621a ('Discovery and Enforcement
of Judgment')"). Dissatisfied with the Smiths' responses, Farmers moved to compel complete
answers to all of its interrogatories and for sanctions. Following a hearing on this motion, the trial
court ordered the Smiths to answer the interrogatories fully and to pay $1,500 to Farmers to
reimburse it for the attorney's fees it had incurred in connection with the motion to compel. The
Smiths moved to modify, alleging they could not pay the $1,500 and asking the court to "eliminate
or reduce the amount ..., or in the alternative, permit [them] to make payments of $25.00 per
month." The trial court denied the motion. 

 When the Smiths failed to pay the $1500 attorney's fee award by the date specified, Farmers
moved to hold the Smiths in contempt and for sanctions. After a hearing on this motion, the trial
court found the Smiths in civil contempt for violating its orders to answer the interrogatories fully
and to pay the $1500 and ordered:

 (a) "Mr. Donald H. Smith ... incarcerated in the Bexar County Jail until payment
of the $1,500.00. Such sentence is ordered probated so long as Mr. Smith
make[s] payments of $75.00 per month to Texas Farmers Insurance
Company, until the $1,500.00 is fully paid";


 (b) if Mr. Smith fails to make the monthly payments timely, "the probation is
revoked and Mr. Donald H. Smith [is] ordered committed to Bexar County
Jail for six months or until the remainder of the $1,500.00 is paid";


 (c) "Mr. Donald H. Smith ... to tour the Bexar County Jail"; and


 (d) "Mr. and Mrs. Smith ... to pay an additional $4,650.00 to cover attorneys
[sic] fees and costs" arising out of the contempt proceeding. 

In support of its order, the trial court concluded, based on "credible, substantial and uncontested
evidence," that "Mr. and Ms. Smith had sufficient non-exempt income and assets to pay the
$1,500.00."

 After making two payments, the Smiths filed a petition for writ of mandamus and motion
for temporary relief. We granted the motion for temporary relief and stayed the trial court's order
until resolution of this proceeding.

Discussion


 As a general rule, a person who wilfully disobeys a valid court order may be held in
contempt and is subject to punishment by imprisonment for a prescribed period of time (criminal
contempt) and may be ordered imprisoned until he complies with the order (civil contempt). See Ex
parte Werblud, 536 S.W.2d 542, 545-46 (Tex. 1976). However, "[n]o person shall ever be
imprisoned for debt." Tex. Const. art. I, § 18. Therefore, "the failure to comply with an order to
pay a 'debt' is not contempt punishable by imprisonment." Ex parte Hall, 854 S.W.2d 656, 658
(Tex. 1993). An adjudicated debt "may be enforced by other legal processes, such as execution or
attachment of property, but not by imprisonment of the ... debtor." Id.; In re Nunu, 960 S.W.2d 649,
650 (Tex. 1997). Accordingly, a contempt judgment ordering imprisonment for disobeying a trial
court's sanctions order to pay attorneys fees or costs is void. See Ex parte Dolenz, 893 S.W.2d 677,
680 (Tex. App.-Dallas 1995, orig. proceeding); Ex parte Jackson, 706 S.W.2d 712, 713-14 (Tex.
App.-Dallas 1986, orig. proceeding).

 Farmers concedes that, "[a]s a general rule, it is true that the collection of attorney's fees by
contempt proceedings is not allowed in Texas." But, it argues, the trial court's contempt order
"concerned not the collection of separately adjudicated attorney fees; instead, Relators were found
in contempt for failing to obey [the trial court's] ... December 4, 2001 [o]rder to, among other
things, pay $1,500.00 in sanctions for Relators' abuse of the discovery rules." In support of its
argument, Farmers cites Ex parte Conway, 843 S.W.2d 765 (Tex. App.-Houston [14 Dist.] 1992,
orig. proceeding). In Conway, the trial court ordered relator confined for ten days for failing to pay
$500 in attorney's fees the court had previously ordered as sanctions for discovery abuse. Id. at 766.
The court of appeals refused to grant habeas relief, holding the trial court was authorized to enter
the sanctions order and authorized to punish refusal to obey the order by contempt. Id. at 767. The
court then distinguished an award of attorney's fees as a discovery sanction from "separately
adjudicated attorney's fees," apparently concluding the former is not a "debt." Id. We believe
Conway is fundamentally inconsistent with Ex parte Hall, 854 S.W.2d 656, 658 (Tex. 1993), and
we decline to follow it. Although a trial court is clearly authorized to order the payment of costs and
attorney's fees as sanctions for discovery abuse, the obligation to pay created thereby is a "debt" and
the debtor may not be imprisoned for failing to pay it. See id.; Jackson, 706 S.W.2d at 713-14
(holding that $1,450 "fine" relator was ordered to pay as sanction for discovery abuse is a debt and
the order to pay it may not be enforced by imprisonment); see also Ex parte Rogers, 633 S.W.2d
666, 671 (Tex. App.-Amarillo 1982, orig. proceeding) (although trial court was authorized by law
to order payment of attorney's fees and costs, court did not have authority to enforce payment by
contempt proceeding); Black's Law Dictionary 363 (5th ed. 1979) (defining "debt" as "[a]
specified sum of money owing to one person from another"). 

 We therefore hold that paragraphs (a) and (b) of the trial court's contempt order are void.
See Dolenz, 893 S.W.2d at 681. Because the trial court assessed one punishment for more than one
contemptuous act, and one of the acts is not punishable by contempt, the entire judgment is void.
Ex parte Lee, 704 S.W.2d 15, 17 (Tex. 1986).

Conclusion


 Because the trial court's contempt order is void, we conditionally grant the Smiths' petition
for a writ of mandamus and direct the trial court to vacate its "Order Granting Defendant, Texas
Farmers Insurance Company's Motion for Contempt" in Cause No. 2001-CI-06825 immediately.
Only if the court does not do so will the writ of mandamus issue. (3)


 Sarah B. Duncan, Justice

Publish
1. This proceeding arises out of Cause No. 2001-CI-06825, styled Donald H. Smith and wife, Pat Smith v. Texas
Farmers Insurance Company, Ronald Mitchell Levine, and Serena Levine, pending in the 150th Judicial District Court,
Bexar County, Texas, the Honorable Janet Littlejohn presiding.
2. On appeal, the summary judgment was affirmed; but the award of attorney's fees was reversed. Smith, 82
S.W.3d at 589.
3. Alternatively, since Smith was ordered confined on a probated (rather than suspended) sentence that requires
periodic payments on the award of attorney's fees, we treat the petition for a writ of mandamus as an application for a
writ of habeas corpus, and we order Smith discharged. See In re Cornyn, 27 S.W.3d 327, 332 (Tex. App.-Houston [1st
Dist.] 2000, orig. proceeding) ("Mandamus will generally not lie over a contempt order assessing confinement, and neither
will habeas relief if ... the confinement was suspended."); c.f. Basaldua v. State, 558 S.W.2d 2, 5 (Tex. Crim. App. 1977)
(where facts raise a proper habeas corpus issue that falls within court's habeas corpus jurisdiction, court will consider the
pleadings as an application for writ of habeas corpus rather than dismiss the appeal and require new and separate habeas
corpus application).