Petition for Writ of
Mandamus Conditionally Granted in Part and Denied in Part and Memorandum
Opinion filed January 4, 2010.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-09-00985-CV

____________

 

IN RE Daniel Gawlikowski, Relator

 

 

 



ORIGINAL PROCEEDING

WRIT OF MANDAMUS

 

 

 



M E M O R
A N D U M   O P I N I O N

On Friday, November 20, 2009, relator Daniel
Gawlikowski filed a petition for writ of mandamus in this Court.  See Tex.
Gov’t Code Ann. §22.221 (Vernon 2004); see also Tex. R. App. P. 52. In
the petition, relator asks this Court to vacate an order by the Honorable
Bonnie Hellums, presiding judge of the 247th District Court of Harris County,
dated October 22, 2009, entered in trial court cause number 2003-67714, In
the Interest of B.N.G.

The order at issue imposes monetary sanctions requiring
relator and relator’s attorney to pay $45,000 and $5,000, respectively, in
attorney’s fees to the real party in interest.  “If the imposition of monetary
sanctions threatens a party's continuation of the litigation, appeal affords an
adequate remedy only if payment of the sanctions is deferred until final
judgment is rendered and the party has the opportunity to supersede the
judgment and perfect his appeal.”  Braden v. Downey, 811 S.W.2d 922, 929
(Tex. 1991).  As this court held in Prime Group, Inc. v. O’Neill, 848
S.W.2d 376, 379 (Tex. App. — Houston [14th Dist.] 1993, orig. proceeding), if a
party does not contend that pre-judgment payment of the sanction would prevent
it from continuing the litigation, staying the payment of the sanction is not
necessary and the party has an adequate remedy by appeal.  See also Ex parte
Conway, 843 S.W.2d 765, 766-67 (Tex. App. — Houston [14th Dist.] 1992, orig.
proceeding) (holding the trial court did not abuse its discretion by making the
sanctions payable on a date prior to final judgment where no contention had been
made that payment would preclude continuation of the litigation.)

Relator does not claim the monetary sanction
threatens his ability to continue the litigation.  Moreover, the record does
not reflect relator contended to the trial court that payment of the monetary
sanction would preclude his access to the court.  See Susman Godfrey, L.L.P.
v. Marshall, 832 S.W.2d 105, 108-09 (Tex. App. — Dallas 1992, orig.
proceeding).  Accordingly, he has waived his right to make that claim.  Id.
at 109.  With respect to the monetary sanction, relator has an adequate remedy
at law by appeal and is not entitled to mandamus relief.  See Elec. Data
Sys. Corp. v. Tyson, 862 S.W.2d 728, 736 (Tex. App. — Dallas 1993, orig.
proceeding). 

The trial court’s order, however, sets a trial date
of June 7, 2010, “or the next available trial date following payment of the
fees in full as ordered herein.”  A sanctions award that impedes the
prosecution of the case warrants extraordinary relief.  See In re Dynamic
Health, Inc., 32 S.W.3d 876, 881 (Tex. App. — Texarkana 2000, orig.
proceeding).  We therefore conditionally grant a writ of mandamus ordering the
trial court to delete the language in its order of October 22, 2009, that conditions
setting a trial date on the payment of the monetary sanction.  

In all other respects, we deny mandamus relief and
lift our prior order staying the order of October 22, 2009.  The writ of
mandamus will not issue unless the trial court fails to comply with the opinion
of this court. 

 

                                                                        PER
CURIAM

Panel consists of Justices Yates, Anderson, and Boyce.

Do Not Publish.