**Petition for Writ of Mandamus Denied and Memorandum Opinion filed June 18, 2013.**



In The

# Fourteenth Court of Appeals

### NO. 14-13-00525-CV

## IN RE TRAMAINE CHARGOIS SINGLETON F/K/A TRAMAINE CHARGOIS, Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**190th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2012-15574**

## MEMORANDUM OPINION

On June 17, 2013, relator Tramaine Chargois Singleton f/k/a Tramaine Chargois filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code

Ann. §22.221; *see also* Tex. R. App. P. 52.  In the petition, relator asks this court to compel the Honorable Patricia J. Kerrigan, presiding judge of the 190th District Court of Harris County, to vacate her order signed May 24, 2013.

On May 13, 2013, the trial court held a show cause hearing for relator to show cause why she should not be held in contempt of court or otherwise sanctioned for failure to comply with the court's January 16, 2013 order to respond to written post-judgment discovery and to appear for her deposition.  At the hearing the court found relator "failed and refused" to respond to post-judgment discovery despite notice of the court's order to compel her to respond.  The court found relator in violation of Texas Rule of Civil Procedure 215 and announced sanctions in the amount of $4,816.20 to be paid to the real party's attorney.  The court further ordered relator to appear for a continuation of the show cause hearing on June 21, 2013, at which time the court "would determine whether or not contempt orders should be entered against [relator]."

On June 17, 2013, relator filed a petition for writ of mandamus in which she argues the trial court's order is void.  Relator also filed a request for emergency relief in which she requested a stay of all trial court proceedings including the hearing set June 21, 2013.

Relator argues the trial court's order is void because it improperly required relator to pay attorney's fees or be held in contempt.  Relator is correct in her contention that she cannot be held in contempt for failure to pay attorney's fees. *See Ex parte Dolenz*, 893 S.W.2d 677, 680 (Tex. App.—Dallas 1994, orig. proceeding).  The order in question, however, is not an order to pay attorney's fees,

2

but an order to pay sanctions for violation of the court's previous order to respond to discovery. The order is an appropriate exercise of the court's authority under Texas Rule of Civil Procedure 215. *See Ex parte Lee*, 704 S.W.2d 15, 17 (Tex. 1986) (orig. proceeding). The trial court ordered relator to pay discovery sanctions to the real party's attorney. This court has held that where a party or her attorney has been sanctioned for abuse of the discovery rules, and ordered to make payment, such payment may be ordered made to the moving party or that party's attorney. *Ex parte Conway*, 843 S.W.2d 765, 767 (Tex. App.—Houston [14th Dist.] 1992, orig. proceeding). Therefore, the trial court's order is not void.

Relator has not established entitlement to the extraordinary relief of a writ of mandamus. Accordingly, we deny relator's petition for writ of mandamus and also deny relator's related emergency motion to stay proceedings.


PER CURIAM


Panel consists of Justices Brown, Christopher, and McCally.

3