**Opinion issued April 30, 2015**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-14-00920-CV

————————————

## IN RE LEA PERCY MCLAURIN, Relator

---

## Original Proceeding on Petition for Writ of Habeas Corpus

---

### O P I N I O N

Relator Lea Percy McLaurin has filed a petition for writ of habeas corpus, challenging her confinement pursuant to an order holding her in contempt for failing to pay attorney's fees assessed as sanctions.* On November 14, 2014, after a preliminary review of the petition for writ of habeas corpus, we ordered Lea

---

\* The underlying case is *In the Matter of the Marriage of Lea Percy McLaurin and Scott Sutton McLaurin*, cause number 2009-06775, pending in the 309th District Court of Harris County, Texas, the Honorable Sheri Y. Dean presiding.

McLaurin's release upon her posting of a bond in the amount of $500.00, pending a final determination of her petition. Because we conclude that the trial court's order impermissibly confines Lea McLaurin for failing to pay a debt, we grant her petition for writ of habeas corpus, release her from the bond, and order her discharged from custody.

## Background

Lea Percy McLaurin and her ex-husband, real party in interest Scott Sutton McLaurin, were divorced on September 3, 2010. In 2011, Lea filed a post-judgment action to enforce certain terms of the final divorce decree. Specifically, Lea claimed that Scott failed to execute documents transferring nine savings bonds to her. She also contended that Scott failed to surrender a diamond held in a safety deposit box and certain coins, Christmas ornaments, plates, stuffed animals, family photographs, and videos. In response, Scott filed a motion requesting sanctions on the basis that Lea's enforcement case was frivolous and filed in bad faith without reasonable inquiry. The trial court issued a final judgment denying Lea's requested relief and granting Scott sanctions in the amount of $52,378.88 as reimbursement for attorney's fees in the case. The judgment required that Lea pay the judgment amount of $52,378.88 by June 12, 2014. On May 20, 2014, Lea filed an appeal from the judgment that is currently pending in this court (appellate case number 01-14-00710-CV).

On July 3, 2014, Scott filed a "Petition for Enforcement and Order to Appear" requesting that the trial court hold Lea in contempt for failing to pay the sanctions judgment by the June 12 deadline. Scott's petition sought an order confining Lea in the Harris County jail for a period of up to 180 days and thereafter until the judgment is paid. After an evidentiary hearing, the trial court entered an interim order requiring that Lea pay the judgment amount on or before November 13, 2014. The parties were further ordered to appear on the payment's due date, at which time the court would decide whether the interim order had been followed.

At the subsequent hearing, the trial court issued an "Order Holding Respondent in Contempt for Failure to Pay Sanctions and for Commitment and Judgment for Sanctions." In the contempt order, the trial court found that (1) Lea was ordered to pay sanctions on April 8, 2014; (2) Lea was charged with contempt for failure to pay the sanctions on or before June 12, 2014; (3) Lea had the ability to make the sanctions payment of $53,373.88; (4) Lea contemptuously disobeyed the court's order by failing to timely pay the sanction amount; (5) Scott incurred $13,020.00 in reasonable attorney's fees in the enforcement proceeding that should be assessed against Lea; and (6) Scott incurred $283.24 in court costs in bringing the enforcement action that should be assessed against Lea.

3

The contempt order held Lea in both criminal and civil contempt. The criminal contempt portion of the order sentenced Lea to confinement in county jail for 180 days as punishment for violating the court's original order requiring payment of $52,378.88 in sanctions. The civil contempt portion provided that, upon serving her sentence for criminal contempt, Lea shall continue to be confined in the county jail until she purges herself of contempt of court by (1) paying the $52,378.88 set forth in the judgment, (2) paying an additional $13,020.00 for Scott's attorney's fees incurred in the enforcement proceeding, (3) paying $283.24 for Scott's court costs incurred in the enforcement proceeding, and (4) paying $63.00 to the district clerk for the commitment and stenographer fee. On November 13, 2014, pursuant to the contempt order, Lea was taken into custody and confined in the Harris County Jail.

On November 14, 2014, Lea filed a petition for writ of habeas corpus challenging her confinement under the contempt order. The petition's central argument is that the commitment order is void because it unconstitutionally imprisons Lea for a debt. On the same day, this Court issued an order releasing Lea from confinement upon her posting of a bond in the amount of $500.00, pending a final determination of her petition.

4

## Analysis

This habeas corpus proceeding originating in our court is a collateral attack on a contempt judgment. *See Ex parte Rohleder*, 424 S.W.2d 891, 892 (Tex. 1967); *In re Griffith*, 434 S.W.3d 643, 645 (Tex. App.—Houston [1st Dist.] 2014, orig. proceeding). The purpose of the habeas corpus proceeding is not to determine the relator's ultimate guilt or innocence, but only to ascertain whether she has been confined unlawfully. *See Ex parte Gordon*, 584 S.W.2d 686, 688 (Tex. 1979); *Griffith*, 434 S.W.3d at 643; *In re Munks*, 263 S.W.3d 270, 272 (Tex. App.—Houston [1st Dist.] 2007, orig. proceeding). A writ of habeas corpus will issue if a trial court's contempt order is void because the court lacked the power to issue the order or failed to afford the relator due process of law. *See In re Henry*, 154 S.W.3d 594, 596 (Tex. 2005); *Ex parte Swate*, 922 S.W.2d 122, 124 (Tex. 1996).

The relator bears the burden of showing that a contempt order is void and not merely voidable. *See Munks*, 263 S.W.3d at 272–73. Until the relator has discharged her burden of showing her entitlement to relief, the contempt order is presumed valid. *See In re Parr*, 199 S.W.3d 457, 460 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding). On review, we do not weigh the proof and determine "whether it preponderates for or against the relator;" we determine only whether the contempt order is void. *Ex parte Chambers*, 898 S.W.2d 257, 259–60 (Tex. 1995).

5

As a general rule, a person who willfully disobeys a valid court order may be held in contempt and is subject to punishment by imprisonment for a prescribed period of time (criminal contempt) and may be ordered imprisoned until he or she complies with the order (civil contempt). *See Ex parte Hall*, 854 S.W.2d 656, 658 (Tex. 1993); *Ex parte Werblud*, 536 S.W.2d 542, 545–46 (Tex. 1976). However, the Texas Bill of Rights provides that "[n]o person shall ever be imprisoned for debt." TEX. CONST. art. I, § 18. Therefore, "the failure to comply with an order to pay a 'debt' is not contempt punishable by imprisonment." *Hall*, 854 S.W.2d at 658; *see also Tucker v. Thomas*, 419 S.W.3d 292, 297 (Tex. 2013). An adjudicated debt "may be enforced by other legal processes, such as execution or attachment of property, but not by imprisonment of the adjudicated debtor." *In re Nunu*, 960 S.W.2d 649, 650 (Tex. 1997); *Hall*, 854 S.W.2d at 658.

In this case, Lea argues that the contempt order is void because it imprisons her for failing to pay a debt—the attorney's fees assessed as sanctions. Scott argues that the contempt order is valid because it does not imprison Lea for failure to pay a debt, but rather for failure to comply with a sanctions order requiring the payment of attorney's fees. We hold that the contempt order is void because it subjects Lea to imprisonment for failure to pay a debt.

Attorney's fees and costs awarded in proceedings to enforce child support payments are authorized by the Family Code, and the resulting obligation is not

considered a debt and may be enforced through a contempt judgment. *See* TEX. FAM. CODE. ANN. § 157.167(a) (West 2014); *Guillory*, 442 S.W.3d at 692*; see also In re Jih*, No. 14-03-01184-CV, 2003 WL 22707113, at *1 (Tex. App.—Houston [14th Dist.] Nov. 17, 2003, orig. proceeding) ("A trial court cannot allow collection of attorney's fees by contempt proceedings except in cases where child support is ordered."). In *Hall*, the Supreme Court of Texas explained that "[t]he obligation which the law imposes on spouses to support one another and on parents to support their children is not considered a 'debt' within Article I, section 18, but a legal duty arising out of the status of the parties." 854 S.W.2d at 658. This exception is inapplicable to the case at hand because the attorney's fees assessed against Lea were not related to enforcement of support obligations or any other statutory obligations between the parties.

Scott argues that the contempt order does not imprison Lea for failing to pay a debt, but rather imprisons her for disobeying a court order requiring payment of attorney's fees as sanctions, and the trial court acted within its authority to enforce its sanctions order. We disagree. "Although a trial court is clearly authorized to order the payment of costs and attorney's fees as sanctions . . . the obligation to pay created thereby is a debt and the debtor may not be imprisoned for failing to pay it." *In re Smith*, No. 04-02-00360-CV, 2003 WL 1191408, at *2 (Tex. App.— San Antonio Mar. 12, 2003, orig. proceeding) (granting mandamus challenging

7

order providing that relators would be imprisoned for contempt if they failed to pay attorney's fees assessed as sanction); *see also In re K.D.W.*, No. 07-08-0049-CV, 2008 WL 4889997, at *2 (Tex. App.—Amarillo Nov. 13, 2008, no pet.) (attorney's fees awarded for violation of divorce decree were a debt and, thus, were not enforceable by contempt); *Ex parte Jackson*, 706 S.W.2d 712, 713–14 (Tex. App.—Dallas 1986, orig. proceeding) (holding that $1,450 "fine" relator was ordered to pay as sanction for discovery abuse was a debt, and order to pay it could not be enforced by imprisonment).

Accordingly, contempt judgments ordering imprisonment for disobeying a sanctions order to pay attorneys' fees or costs are void as an unconstitutional imprisonment for a debt. *See In re Gonzalez*, No. 04-02-00799-CV, 2003 WL 1917332, at *1 (Tex. App.—San Antonio Apr. 23, 2003, orig. proceeding) (granting habeas petition and holding that contempt order imprisoning relator for failing to pay attorney's fees assessed as sanctions for discovery abuse was void); *Ex parte Dolenz*, 893 S.W.2d 677, 680 (Tex. App.—Dallas 1995, orig. proceeding) (granting habeas petition and holding that contempt order imprisoning relator for failing to pay discovery costs, including attorney's fees, assessed as sanctions for discovery abuse was void); *Ex parte Rogers*, 633 S.W.2d 666, 671 (Tex. App.—Amarillo 1982, orig. proceeding) (granting habeas petition and holding that trial court lacked authority to enforce payment of attorney fees and costs assessed

8

against relator by contempt proceedings); *see also Tracy v. Tracy,* 219 S.W.3d 527, 531 (Tex. App.—Dallas 2007, no pet.) (holding that contempt order threatening to confine former wife for failing to pay attorney's fees assessed for violating divorce decree was void because it threatened imprisonment for a debt).

Scott relies on *Ex parte Conway*, 843 S.W.2d 765 (Tex. App.—Houston [14th Dist.] 1992, orig. proceeding), as contrary authority supporting the proposition that a sanction for payment of attorney's fees is not a debt and that Lea may be imprisoned for failure to pay the attorney fees. Like this case, *Conway* was an original habeas proceeding in which the relator challenged a contempt judgment imprisoning him for failing to pay attorney's fees assessed as a sanction. *Conway*, 843 S.W.2d at 766. The Fourteenth Court of Appeals denied the habeas petition on the basis that the "order holding relator in contempt concerned not the collection of separately adjudicated attorney's fees, instead, relator was found in contempt for failing to obey a court order to pay sanctions for abuse of the discovery rules" *Id.* at 767. *Conway* did not address the issue specifically raised in the petition before this court: whether imprisonment for failure to pay attorney's fees assessed as a sanction is an unconstitutional imprisonment for a debt. The constitutional issue was not addressed in *Conway* and, indeed, the word "debt" does not appear anywhere in the *Conway* opinion. Accordingly, we do not view *Conway* as persuasive authority on the issue raised before us, which is whether a contempt

9

judgment ordering imprisonment for failing to pay attorneys' fees imposed as a sanction is void as imprisonment for a debt. The authorities that have addressed the constitutional issue have held that such contempt orders are void and, therefore, granted petitions for writs of habeas corpus challenging imprisonment under the orders. *See, e.g.*, *Gonzalez*, 2003 WL 1917332, at *1; *Dolenz*, 893 S.W.2d at 680; *Rogers*, 633 S.W.2d at 671.

Finally, Scott argues that even if the portion of the order imprisoning Lea for civil contempt is void, the remaining portion imprisoning her for criminal contempt should be enforced. But Lea cannot be imprisoned pursuant to either civil or criminal contempt for failing to a pay a debt. Accordingly, any imprisonment of Lea under the contempt order is void. *See Jackson*, 706 S.W.2d at 714 (commitment order imprisoned relator for failure to pay a debt and "[s]ince [relator] could not be imprisoned for at least one of the alleged acts of contempt, it follows, and we so hold, that the entire commitment order is tainted and void").

## Conclusion

We hold that the contempt order imprisoning Lea McLaurin is void because it imprisons her for failure to pay a debt. In light of this holding, we need not address the other arguments in the petition. We grant the petition for writ of habeas corpus and order relator discharged from custody under the contempt order. We

further order that relator be released from the bond posted to secure her conditional release. We dismiss any pending motions as moot.


Michael Massengale
Justice

Panel consists of Justices Keyes, Bland, and Massengale.